IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KATHLEEN C. PEREA,**

      **Plaintiff,**

v.                        No. CIV-13-0697 KG/LAM

**JANIE S. CONNER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

      **Defendants.**

### ORDER DENYING WITHOUT PREJUDICE JOHN PEREA'S MOTION TO QUASH AND OBJECTION TO SUBPOENA DUCES TECUM [*Doc. 105*]

**THIS MATTER** is before the Court on *John Perea's Motion to Quash and Objection to Subpoena Duces Tecum (Doc. 105)*, filed May 30, 2014. Mr. Perea is no longer a party in this case (*see Doc 53*), however counsel for Plaintiff states that he represents Mr. Perea for the limited purpose of filing this motion (*Doc. 105*). Mr. Perea states in the motion that he objects to a subpoena that Defendants served on him, and asks the Court to quash the subpoena pursuant to Fed. R. Civ. P. 26. Having considered the motion and relevant law, the Court **FINDS** that the motion is not-well taken and should be **DENIED without prejudice**.

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), "[a] person commanded to produce documents or tangible things . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials . . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." If such an objection is made, the serving party may move the Court for an order compelling production or inspection, and "[t]hese acts may be required only as directed in

the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id.* In addition, a Court <u>must</u> quash or modify a subpoena that fails to allow a reasonable time to comply, requires a person to comply beyond certain geographical limits, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A Court <u>may</u> quash or modify a subpoena that requires disclosure of trade secret or other confidential information or disclosure of an unretained expert's opinion. Fed. R. Civ. P. 45(d)(3)(B).

Here, Mr. Perea has failed to attach a copy of the subpoena to which he objects, and does not state whether he complied with Fed. R. Civ. P. 45(d) by serving Defendants with timely objections to the subpoena. Filing a motion with the Court is not the proper way to object to a subpoena. If Mr. Perea did serve objections to Defendants, then the burden is now on Defendants to move the Court for an order compelling Mr. Perea to produce the information, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i).[1] Moreover, Mr. Perea's contentions that the subpoena asks for information outside the scope of discovery as set forth in Fed. R. Civ. P. 26 is not an adequate basis for quashing a subpoena under Fed. R. Civ. P. 45(d). For these reasons, the Court finds that this motion does not comply with Fed. R. Civ. P. 45.

In addition, if instead of filing a motion to quash a subpoena under Fed. R. Civ. P. 45, Mr. Perea intended this motion to be a motion for a protective order pursuant to Fed. R. Civ. P. 26(c), the Court's Local Rules require that a party seeking relief pursuant to this rule must attach to the motion a copy of the request for production and the party's response or objection thereto. D.N.M. LR-Civ. 37.1. Because Mr. Perea has failed to attach either of these

---

[1] The Court notes that Defendants have filed three motions to compel, which appear to address some of the same issues raised in Mr. Perea's motion to quash. *See* [*Doc. 79*] (regarding Mr. Perea's tax returns) and [*Doc. 99-1*] (regarding Mr. Perea's cell phone records).

to his motion, the Court finds that the motion should be denied without prejudice with leave to re-file in compliance with the Federal and Local Rules.

**IT IS THEREFORE ORDERED** that *John Perea's Motion to Quash and Objection to Subpoena Duces Tecum (Doc. 105)* is **DENIED without prejudice** as set forth above.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**