IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHLEEN C. PEREA,

       Plaintiff,

v.                                      No. CIV-13-0697 KG/LAM

JANIE S. CONNER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendants.

**ORDER GRANTING IN PART DEFENDANT'S FIRST MOTION TO COMPEL [*Doc. 79*]**

**THIS MATTER** is before the Court on *Defendant Connor's First Motion to Compel Production of Document, or in the Alternative, Dismiss Plaintiff's Claims of Emotional Distress, Traumatic Brain Injury, and Financial Loss (Doc. 79)*, filed April 11, 2014. Plaintiff filed a response to the motion on May 13, 2014 [*Doc. 95*], and Plaintiff filed a reply on June 2, 2014 [*Doc. 107*]. This case arises from a motor vehicle accident that occurred on March 14, 2010, in which Plaintiff alleges that Defendant Conner was negligent and reckless. [*Doc. 1-1* at 2-4]. Plaintiff alleges damages for past and future medical and health care expenses, past and future loss of income, loss of household services, pain and suffering, and mental anguish. *Id.* at 6. While Plaintiff's husband, John Perea, was originally a party to the lawsuit, his claims have been voluntarily dismissed. *See* [*Doc. 53*]. In Defendant Connor's (hereinafter, "Defendant") motion to compel, Defendant contends that Plaintiff failed to adequately respond to Defendant's Requests for Production (hereinafter "RFP") Nos. 10, 14, 15, 16, 17, and 20. [*Doc. 79* at 3-6]. Having considered the motion, response, reply, record of this case, and relevant

law, the Court **FINDS** that the motion to compel shall be **GRANTED in part** and **DENIED in part**.

### *1. Request for Production No. 10*

RFP No. 10 asks Plaintiff to produce "[a]ll documents, including but not limited to state and federal income tax returns with attachments for the last five (5) years, pertaining to Plaintiff's earnings over the last five (5) years." [*Doc. 79-5* at 2]. Plaintiff objected to this request stating that the request is not relevant and is overly broad, and she referred Defendants "to the documents that have been produced or made available in this lawsuit." *Id.* In her response to Defendant's motion to compel, Plaintiff contends that Plaintiff's expert calculated Plaintiff's lost earning capacity based on Plaintiff's 2012 W-2 form, so "Defendant's request for all of Plaintiff's and Mr. Perea's federal and state income tax returns for the past five years thus proves not relevant to [Plaintiff's] claim for lost earning capacity as Plaintiff has produced the sole and exclusive materials that give rise to her claim for lost earning capacity." [*Doc. 95* at 4-5]. In Defendant's reply to the motion to compel, Defendant states that these tax returns are relevant because Plaintiff "had previously claimed the loss to [Plaintiff and Mr. Perea's] business was recoverable, indeed submitted an economist's report alleging that the Liberty Tax Service was entitled to an award of damages for having to hire a new Office Manager and in any event, New Mexico is a community property state." [*Doc. 107* at 6].

Discovery is permitted under Rule 26 if the information is relevant to any party's claim or defense, and the information need not be admissible if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court finds that Plaintiff's state and federal income tax returns for the past five years are relevant to Plaintiff's claim for past and future lost income. While Plaintiff states in her response to Defendant's motion to compel

2

that she is only claiming lost income related to her job as a teacher, Plaintiff's claim for damages for past and future loss of income makes no such limitation. However, because Mr. Perea is no longer a party to this lawsuit, his tax returns, if they are separate from Plaintiff's tax returns, are not relevant because they would not reflect <u>Plaintiff's</u> earning capacity. Similarly, any tax returns for businesses owned by Mr. Perea in which Plaintiff does not have any ownership interest, and which do not contain her signature, are not relevant if they are separate from Plaintiff's tax returns. The Court finds no merit to Defendant's contention that Mr. Perea's tax returns are relevant to Plaintiff's lost income claim because New Mexico is a community property state. Defendant cites to no case law for this contention, and Defendant has failed to show how Plaintiff's claim that she has lost income as the result of the accident is related to evidence regarding her husband's income. The Court, therefore, finds that Defendant's motion to compel should be granted with regard to Plaintiff's state and federal tax returns for the past five years, and denied with regard to Mr. Perea's tax returns and the tax returns for Mr. Perea's businesses in which Plaintiff has no ownership interest, and which do not contain her signature, to the extent those tax returns are separate from Plaintiff's tax returns.

### 2.  *Request for Production No. 14*

This request asks for "copies of any and all documents, tangible things or electronic documents submitted to any expert by the Plaintiff or her attorneys, who is expected to testify at trial." [*Doc. 79-9* at 2]. Plaintiff objected to the request "to the extent that it seeks documents beyond the scope of permissible discovery regarding experts," and referred Defendants to her expert witness disclosures and to documents already produced. *Id.* In Defendant's motion to compel, Defendant states that Plaintiff has not provided all of the material supplied to her expert economist, despite her agreement to do so. [*Doc. 79* at 5]. In response, Plaintiff lists all of the

3

documents relied upon by Plaintiff's experts Laura Lampton, RN, and Richard Perrillo, Ph.D., and states that all records and materials submitted by Plaintiff to these experts have been produced to Defendants. [*Doc. 95* at 6-7]. In Defendant's reply, Defendant contends that Plaintiff has failed to comply with Fed. R. Civ. P. 26(a)(2)(B) because Plaintiff has not identified the documents provided to her testifying experts. [*Doc. 107* at 11-12]. Specifically, Defendant states that Dr. Perrillo testified at his deposition that he has received documents other than those provided to Defendant via a "drop box," but he no longer has access to those documents, and that Plaintiff has not produced all of the e-mails from her experts. *Id.* at 12.

Rule 26(a)(2)(B)(ii) provides that testifying expert witnesses must provide a written report containing "the facts or data considered by the witness in forming" the experts' opinions. Plaintiff states that she has provided to Defendants all records or materials submitted by Plaintiff to Plaintiff's testifying experts. [*Doc. 95* at 6-7]. However, it is not clear whether Plaintiff is withholding any facts or data that her expert witnesses have considered in forming their opinions. Therefore, to the extent that the materials provided to Defendant do not include all of "the facts or data considered by" Plaintiff's expert witnesses in forming their opinions, then Plaintiff must supplement her production to include such information pursuant to Rule 26(a)(2)(B)(ii). Plaintiff is not required to provide drafts of her testifying experts' reports and disclosures (pursuant to Rule 26(b)(4)(B)), or communications between Plaintiff's testifying experts and her attorneys (pursuant to Rule 26(b)(4)(C)). However, with regard to communications between Plaintiff's testifying experts and her attorneys, the protection from disclosure does not extend to communications excepted under Rule 26(b)(4)(C)(i)-(iii), including any facts or data that Plaintiff's "attorney provided and that the expert considered in forming the opinions to be expressed" (Rule 26(b)(4)(C)(ii)). *See Republic of Ecuador v. For the Issuance of a Subpoena*

4

*Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1181-82 and 1184-87 (10th Cir. 2013) (affirming the magistrate judge's ruling regarding production of materials relating to an expert witness under Rule 26(b)(4)(B) and (C)).  Therefore, Defendant's motion to compel with regard to this request is granted to the extent there is any additional information responsive to this request that has not already been provided to Defendant and within the parameters of Rule 26(a)(2)(B) and (b)(4)(B) and (C).

### 3.   *Request for Production No. 15*

This request asks for:

> [C]opies of any letters, e-mails, cards or correspondence of any kind or nature sent to any person with knowledge of the issues involved in this case, including the individual identified by Mr. Perea during his deposition as a former partner in his business and with whom he had a relationship, at any time during the last five years and up to the present, including correspondence addressed to such person by Plaintiff's attorneys.

[*Doc. 79-9* at 2].  Plaintiff objected "to the extent that [the request] seeks information that is not relevant and will not lead to the discovery of admissible evidence," stated that the request was overly broad, and further objected because Mr. Perea is no longer a party to the lawsuit.  *Id.*  In response to the motion to compel, Plaintiff states that, contemporaneous with the filing of her response, she disclosed an e-mail her attorneys sent to Mr. Perea's former business partner, and restates her objection that the request seeks information that is not relevant and will not lead to the discovery of admissible evidence.  [*Doc. 95* at 7-8].  In reply, Defendant states that the e-mail had not yet been produced and contends that "Defendant is entitled to other documents which have not been produced" in response to this request for production.  [*Doc. 107* at 7].

The Court finds that this request for production is overly broad because it asks for information that is not relevant to any party's claim or defense, in violation of Rule 26(b)(1).  The

5

request asks for all correspondence for the last five years with any person who has knowledge of the issues involved in the case -- it is not limited to correspondence relating to any of the issues in the case and, therefore, is overly broad.  However, since Plaintiff stated in her response that she was going to produce an e-mail that her attorney sent to Mr. Perea's former business partner, the Court will compel her to produce it within ten (10) days of entry of this Order.  The Court will deny Defendant's motion to compel with regard to the remaining requested documents.

### *4.  Request for Production Nos. 16 and 17*

Defendant states that, in December, 2011, Plaintiff discovered that her husband was having an affair with his business partner, and that Mr. Perea later bought out this former business partner's interest in the business for approximately $40,000.  [*Doc. 79* at 2].  Request for Production No. 16 asks for any agreement between Mr. Perea's former business partner regarding the buyout of her interest in Mr. Perea's business, and RFP No. 17 asks for any documents regarding payment, consideration or benefits supplied to Mr. Perea's former business partner which are dated after the accident.  [*Doc. 79-9* at 3].  Plaintiff objected to these requests, stating that they seek information that is irrelevant and that Mr. Perea is no longer a party to the lawsuit.  *Id.*  Defendant contends that these documents are relevant to "the nature of [Plaintiff's] emotional distress," and to her claim that she has suffered economic loss from the business owned by her and her husband.  [*Doc. 79* at 5].  In response, Plaintiff states that she "has never owned an interest in the business John Perea owned with John Perea's former business partner."  [*Doc. 95* at 8].  In Defendant's reply, Defendant states that the documents are relevant because "Plaintiff's husband's affair may well have caused her emotional distress, mental anguish and psychological difficulties beyond what [Plaintiff] is willing to admit," and that "the buyout may have caused economic loss or gain to Plaintiff" which is relevant to Plaintiff's claim of lost income.  [*Doc. 107* at 12].

The Court finds that these requests for production are relevant to Plaintiff's emotional distress claims because Defendant is entitled to discover evidence of other possible causes of Plaintiff's emotional distress and mental anguish, which could include her husband's affair as well as any financial hardship caused by him having to buy out his former business partner. The Court, therefore, will grant Defendant's motion to compel with regard to these requests.

### *RFP No. 20*

RFP No. 20 asks for "the pain journal described by Ms. Perea during her deposition." [*Doc. 79-11* at 2]. Defendant states that the document produced in response to this request "appears to be a single document that may have summarized or collected entries from the plaintiff's pain journal." [*Doc. 79* at 4]; *see also* [*Doc. 79-11* at 3-5] (the pain journal produced by Plaintiff). In response to Defendant's motion to compel, Plaintiff states that she "has produced her pain journal, portions of which she typed and portions of which her husband, John Perea, typed as she spoke aloud as John Perea typed." [*Doc. 95* at 8]. Plaintiff further states that has produced the original of her pain journal. *Id.* Defendant states in Defendant's reply that "there was no substantial justification for failing to produce the journal in context or with some assurance by Plaintiff's counsel that he reviewed the original source of the portions produced." [*Doc. 107* at 16]. In support of this statement, Defendant cites to an entire civil case in this Court -- No. CIV 11-0422 JB/KBM. The Court does not know which of the more than 200 documents currently filed in that case Defendant is relying upon for Defendant's contention that Plaintiff should have produced the journal "in context or with some assurance by Plaintiff's counsel that he reviewed the original source of the portions produced." Since Plaintiff states that she produced the pain journal as asked for in RFP No. 20, the Court finds that Defendant's motion to compel with regard to this request should be denied.

**IT IS THEREFORE ORDERED** that *Defendant Connor's First Motion to Compel Production of Document, or in the Alternative, Dismiss Plaintiff's Claims of Emotional Distress, Traumatic Brain Injury, and Financial Loss (Doc. 79)* is **GRANTED in part** and **DENIED in part**, and Plaintiff shall supplement her responses to Defendant's discovery requests as set forth above **no later than ten (10) days after the entry of this Order**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**