IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


KATHLEEN C. PEREA,

      **Plaintiff,**

v.                          **No. CIV-13-0697 KG/LAM**

JANIE S. CONNER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      **Defendants.**

## ORDER GRANTING IN PART DEFENDANT'S
## SECOND MOTION TO COMPEL [*Doc. 99*]

**THIS MATTER** is before the Court on Defendant Connor's Second Motion to Compel [*Doc. 99*] and Memorandum in Support Thereof [*Doc. 99-1*], filed May 27, 2014. On July 3, 2014, Plaintiff filed a response to the motion [*Doc. 152*] and, on July 30, 2014, Defendant Connor (hereinafter, "Defendant) filed a reply [*Doc 179*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED without prejudice in part**.

This case arises from a motor vehicle accident that occurred on March 14, 2010, in which Plaintiff alleges that Defendant Conner was negligent and reckless when she ran a red light and struck Plaintiff's vehicle. [*Doc. 1-1* at 2-4]. Plaintiff alleges damages for past and future medical and health care expenses, past and future loss of income, loss of household services, pain and suffering, and mental anguish. *Id.* at 6. Defendant's motion to compel asks for supplemental responses to Defendant's Fourth Requests for Production (hereinafter, "RFP") Nos. 21 through 24. [*Doc. 99*]. In her response to the motion, Plaintiff states that the parties

have resolved their disputes regarding RFP Nos. 21, 23 and 24. [*Doc. 152* at 2]; *see also* [*Doc. 145*] (the parties' stipulation regarding certain disputed discovery issues). Plaintiff, therefore, states that the remaining issue in Defendant's second motion to compel is RFP No. 22. [*Doc. 152* at 2].

In RFP No. 22 Defendant asks for: "Originals of diary, notes, calendars, day timers and/or journals made by Kathleen Perea during the one year before the accident and to the present time." [*Doc. 99-3* at 3]. Plaintiff objected to the request, stating that it seeks information that is not relevant and is overly broad. *Id.* In Defendant's motion, she contends that the requested information is relevant because "a personal journal or diary may include entries having a tendency to prove or disprove Plaintiff's claims that her physical and psychological injuries result solely from a 2010 car accident, given that subsequent to that her husband admittedly engaged in marital infidelity which resulted in financial impact to the couple." [*Doc. 99-1* at 8].

In response, Plaintiff contends that Defendant's request is overly broad because it encompasses a time span of more than five years and asks for information that is irrelevant. [*Doc. 152* at 2-3]. Plaintiff contends that RFP No. 22 "is really geared toward further discovery of the 'Pain Journal' produced by Plaintiff in her April 3, 2014 Response to [Third RFP No. 20]," requesting the "pain journal." *Id.* at 3.

In her reply, Defendant contends that, as of the date of the reply, Plaintiff had not provided supplemental responses to RFP Nos. 21, 23 and 24, as the parties had previously agreed upon in their Stipulation (*Doc. 145*). [*Doc. 179* at 2]. Defendant further contends that RFP No. 22 is not overly broad because Plaintiff has not offered to produce any portion of the requested documents (presumably relevant portions), in lieu of the entire documents. *Id.* Defendant contends that RFP No. 22 is not requesting irrelevant information because Plaintiff's claims include allegations

of brain trauma and emotional distress, which entitles Defendants to "discovery of other possible causes of depression, stress and anxiety in [] Plaintiff's life."   *Id.* at 3.   Defendant states that RFP No. 22 does not just ask for the pain journal, which is the subject of RFP No. 20, but also asks for all diaries, journals, etc., that Plaintiff may have created.   *Id.* at 4.   Defendant further states that, since Plaintiff has not offered to produce a diary, journal or other responsive document for an *in camera* review by the Court, and "[h]er attorney has not indicated that he has or is willing to review the journal to determine what is relevant," Plaintiff should be ordered to produce the original versions of such documents to Defendant for review by Defendant's attorney.   *Id.* at 9. Defendant also states that she "is willing to enter into a mutually agreeable confidentiality order to govern the use of the materials produced."   *Id.*

The Court first orders Plaintiff to provide to Defendant the documents responsive to RFP Nos. 21, 23 and 24, as agreed to in the parties' stipulation (*Doc. 145*), **no later than ten (10) days after entry of this Order**, if she has not already done so.   The Court will deny Plaintiff's motion to compel without prejudice with regard to these document requests, and Plaintiff may file another motion to compel, if necessary, ***but only with regard to Defendant's responses to RFP Nos. 21, 23 and/or 24***.

With regard to RFP No. 22, Defendant fails to provide any reason why she contends that the request is overly broad.   *See* [*Doc. 99-3* at 3, citing to "NMRA 1-026"].   Such an objection is improper when it is not accompanied with specific reasons why the request is overly broad.   *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . .   The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted).   Defendant's citation to a state court rule

for her objection is inapplicable as this case is in federal court and this Court is not bound by state court rules.   The Court instructs counsel for Defendant to review the Federal Rules of Civil Procedure and this Court's Local Rules, especially with regard to the discovery process in federal court.

Discovery is permitted under Rule 26 if the information is relevant to any party's claim or defense, and the information need not be admissible if it "appears reasonably calculated to lead to the discovery of admissible evidence."   Fed. R. Civ. P. 26(b)(1).   Defendant makes no showing that the information requested in RFP No. 22 for the year *prior* to the accident at issue is relevant to any party's claim or defense.   In fact, by Defendant's own admission, "*[a]fter* the 2010 accident . . . Plaintiff learned that her husband had an 'affair' with [another] woman."   [*Doc. 99-1* at 2] (emphasis added).   Thus, her diary from the previous year, if one exists, would be irrelevant to the claims and defenses in this case.   The Court will, therefore, deny the request as to the documents prior to the date of the accident.   In addition, certainly not all of Plaintiff's entries in diaries, journals, calendars, etc., are relevant to the parties' claims or defenses in this case.   However, there could be information in these documents that is relevant to Plaintiff's claims for injuries from brain trauma or emotional distress.   Therefore, the Court will order Plaintiff to produce any non-privileged documents that are responsive to RFP No. 22 that are relevant to a party's claim or defense, or are reasonably calculated to lead to the discovery of admissible evidence.   *See Cooke v. New Mexico Junior College Bd.*, 579 F.2d 568, 570 (10th Cir. 1978) (finding that the plaintiff's "offer to produce relevant [diary] entries should be amply sufficient to satisfy the defendants in their discovery efforts").   Furthermore, Defendant states that she "is willing to enter into a mutually agreeable confidentiality order to govern the use of these materials."   [*Doc. 179* at 9]. This offer should satisfy any reluctance that Plaintiff may have in producing these documents.

4

The Court notes that it has already ruled on the parties' dispute regarding Plaintiff's "Pain Journal," which was the subject of Defendant's Third RFP No. 20, and raised in Defendant's First Motion to Compel.   *See* [*Doc. 138* at 7].   The Court found that, since Plaintiff stated that she had already produced the original pain journal, as asked for in RFP No. 20, Defendant's motion to compel Plaintiff to produce the journal "in context or with some assurance by Plaintiff's counsel that he reviewed the original source of the portions produced" should be denied.   *Id.* (citing *Doc. 107* at 16).   That ruling is now the subject of Defendant's motion for reconsideration [*Doc. 161*], and Defendant's objections before the presiding judge in this case [*Doc. 163*], which will be addressed is separate orders.   The Court notes that the case upon which Defendant relies for its objections related to the Court's order regarding Plaintiff's pain journal, *Herrera v. Santa Fe Public Schools*, No. CIV 11-0422 JB/KBM, 2013 WL 4782160, at **23-25 (D. N.M. Aug. 19, 2013) (unpublished), held that the plaintiff's entire journal should be disclosed to the defendants, because: (1) the defendants made an adequate showing that the limited entries produced by the plaintiff may not have been written at the time the plaintiff said they were, or for the reasons the plaintiff said they were; and (2) the plaintiff's counsel did not review the journal before producing the journal entries in response to the defendants' discovery requests.   Based on the holding of this case, the Court will further order Plaintiff's counsel to review any diaries, journals, or calendars for her assessment of the relevance of Plaintiff's entries in those documents to the claims in this case, and to produce all documents that are relevant to the claims and defenses raised in this case *within ten (10) days of the entry of this Order*.   However, the Court does not find adequate reason to require Plaintiff to produce the entirety of any of the documents requested in RFP No. 22 at this time.   The Court further encourages the parties to enter into a confidentiality

or protective order with regard to the content of the information that may be produced in response to this -- or any -- discovery request in this case.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Defendant Connor's Second Motion to Compel [*Doc. 99*] is **GRANTED in part** and **DENIED without prejudice in part** as follows:

(1) Plaintiff shall produce documents responsive to RFP Nos. 21, 23 and 24, as agreed to in the parties' stipulation [*Doc. 145*], **no later than ten (10) days after entry of this Order**, if she has not already done so;

(2) Defendant's motion is, therefore, **DENIED without prejudice** as to RFP Nos. 21, 23 and 24;

(3) Defendant's motion is **GRANTED in part** as to RFP No. 22, and Plaintiff shall produce any documents responsive to RFP No. 22, that were created *after* the date of the accident at issue, and that are relevant to any party's claim or defense, or reasonably calculated to lead to the discovery of admissible evidence, **no later than ten (10) days after entry of this Order**; and

(4) Counsel for Plaintiff shall review any diaries, journals, or calendars for relevant information to be produced, and shall provide counsel for Defendant an affidavit stating that he has conducted such a review of any such documents. The affidavit shall include how many pages were reviewed by Plaintiff's counsel, how many pages are **not** being produced to Defendant, and a brief description of the reason for the non-production, *e.g.*, "personal entry re doctor's appointment," etc.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**