## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KATHLEEN C. PEREA,

      Plaintiff,

v.                              No. CIV-13-0697 KG/LAM

JANIE S. CONNER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendants.

## ORDER DENYING AMENDED MOTION TO ALLOW
## ADDITIONAL DEPOSITIONS [*Doc. 122*]

**THIS MATTER** is before the Court on Defendant Connor's (hereinafter, "Defendant")
partially opposed Amended Motion to Allow Additional Depositions [*Doc. 122*], filed June 13,
2014.   Plaintiff filed a response to the motion on July 3, 2014 [*Doc. 153*], and Defendant filed a
reply on July 30, 2014 [*Doc. 182*].   Having considered the motion, response, reply, record of the
case, and relevant law, the Court **FINDS** that the motion should be **DENIED without prejudice**.

On June 5, 2014, the Court entered on order on Defendant's partially opposed motion to
modify the scheduling order to allow additional depositions (*Doc. 102*).   *See* [*Doc. 110*].   The
Court allowed an extension of the discovery deadline to allow Defendants to take the deposition of
Life Care Planner, Laura Lampton, whose deposition was not opposed by Plaintiff.   *Id.* at 2.
With regard to the additional depositions requested in the motion, the Court noted that Defendant
failed to provide any authority for her contention that she can take depositions to preserve trial
testimony after the discovery period has closed, and that Plaintiff would be prejudiced if this
authority was presented in a reply brief.   *Id.*   The Court, therefore, allowed Defendants to file an

amended motion by June 13, 2014 in order to provide authority, if any, for the contentions in the motion and to only include depositions that she wishes to take to which Plaintiff is opposed.   *Id.* at 3.

On June 13, 2014, Defendant filed the motion currently before the Court, in which she asks the Court to allow her to take the deposition of Dr. Kraska[1] outside the discovery period and in excess of the 10 depositions allowed by the Court.   [*Doc. 122* at 6].   Defendant states that she "was unable to locate any Tenth Circuit or U.S. District Court for the District of New Mexico authority directly on point."   *Id.* at 2.   Defendant cites to several other district court cases which Defendant contends have found that depositions taken to preserve trial testimony "need not necessarily be taken within the time frame otherwise set for the completion of discovery."   *Id.* Defendant states that "Dr. Kraska, MD[,] is unavailable and beyond the power of the Defendant to compel him to attend the trial."   *Id.*   Therefore, Defendant contends that "neither the fact that the discovery deadline has passed nor the fact that Defendant has taken ten depositions should preclude the taking of this deposition."   *Id.* at 3.   In the alternative, Defendant contends that she should be allowed to take Dr. Kraska's deposition because, on May 21, 2014, Plaintiff agreed to the deposition and, relying on this agreement, Defendant used her last deposition to take Ms. Lampton's deposition.   *Id.* at 5.   Defendant states that it was not until the June 6, 2014 status conference with the Court that Plaintiff took the position she would oppose Dr. Kraska's deposition.   *Id.* at 5 (citing *Doc. 122-3* at 1).   Defendant further contends that Dr. Kraska's testimony would not be cumulative or duplicative.   *Id.*

---

[1] Each of the parties spell Dr. Kraska's name sometimes as "Dr. Krasta" (*see, e.g., Doc. 122* at 4), but a review of the record shows that the correct spelling appears to be "Kraska."   *See, e.g.,* [*Doc. 182-1* at 3] (e-mail from Dr. Kraska).

In response, Plaintiff contends that Defendant's motion is moot because Dr. Kraska confirmed with counsel for Defendant that he is available for trial and will appear to testify, even though he lives in Boise, Idaho.   [*Doc. 153* at 2].   Plaintiff further contends that the parties have known about Dr. Kraska's involvement in this case since at least July 24, 2013, when Plaintiff produced records signed by Dr. Kraska after he provided emergency care to Plaintiff following the car accident at issue.   *Id.*   In addition, Plaintiff contends that Defendants have already taken the ten depositions allowed in the Court's scheduling order, and that the parties never reached an agreement regarding additional depositions.   *Id.* at 3-4.

In her reply, Defendant contends that she needs to take a trial deposition of Dr. Kraska because he may become unavailable to testify sometime in the future.   [*Doc. 182* at 5]. Defendant again contends that she did not take Dr. Kraska's deposition before the close of discovery because Plaintiff did not respond to requests for deposition dates (*id.* at 7), and because the parties had not reached an agreement as to whether Dr. Kraska's deposition would count towards Defendant's ten depositions.   *Id.* at 11-12.

Neither the Federal Rules of Civil Procedure, nor the Court's Local Rules, distinguish between "trial depositions" and "discovery depositions" in any way.   The Court's Scheduling Order allowed ten depositions for each side, making no distinction between "trial" and "discovery" depositions.   *See* [*Doc. 21* at 2] ("The parties are authorized to take 10 depositions per side.").   Defendant presents no authority for the Court to allow her to exceed this limitation based on terming Dr. Kraska's deposition as a "trial deposition."

Similarly, the Court is not persuaded by the authority presented by Defendant regarding the allowance of a deposition outside the discovery period.   None of the cases upon which Defendant relies for her contention that the Court should allow an untimely deposition are binding upon the

3

Court.  Moreover, each of the cases involves deponents who were unavailable for trial.  *See 165 Park Row, Inc. v. JHR Development, LLC*, No. 2:12-cv-106-NT, 2013 WL 5797363, at *1 (D. Me. Oct. 28, 2013) (unpublished) (holding that the depositions of two witnesses could be taken after the close of discovery, noting that "[e]ach is beyond the subpoena power of this court, and none is likely to come to Maine voluntarily to testify at trial in this matter"); *Patterson v. Western Carolina University*, No. 2:12cv3, 2013 WL 1629132, at *1 (W.D. N.C. April 16, 2013) (unpublished) (finding that the defendant satisfied the standard set forth in the pretrial order, which allows depositions taken for the sole purpose of preserving trial testimony when: (1) the witness is unavailable for trial; (2) the party seeking to take the deposition tried, after making a good faith effort, but failed to obtain a commitment from the witness to appear and testify voluntarily at the trial; and (3) the deposition could be concluded fourteen days prior to the trial); *Estate of Terry Gee, Jr. v. Bloomington Hospital and Healthcare System*, No. 1:06-cv-00094-TWP-TAB, 2012 WL 729269, at **5-7 (S.D. Ind. March 6, 2012) (unpublished) (noting the unavailability of the witness in allowing the untimely deposition to preserve his testimony); *Mathews v. Denver Newspaper Agency LLP*, Civil Action No. 07-cv-02097-WDM-KLM, 2009 WL 112819, at *2 (D. Colo. Jan. 15, 2009) (unpublished) (allowing an untimely trial deposition because the witness was moving to India and would be unavailable for trial); and *Estenfelder v. Gates Corp.*, Civ.A. No. 99-D-896, 199 F.R.D. 351, 352 (D. Colo. 2001) (allowing the depositions of four witnesses as "preservation depositions" because the witnesses lived in Europe and could not be relied upon to appear at trial).

Plaintiff states that Dr. Kraska has agreed to testify at the trial in this case.  [*Doc. 153* at 2].  Defendant does not dispute this, but contends that some hypothetical future "death, illness [or] infirmity" may preclude Dr. Kraska from testifying.  [*Doc. 182* at 5].  The Court finds that

this is not a sufficient reason to take a "trial" or "preservation" deposition.   If the situation arises that Dr. Kraska will be unable to testify at the trial in this case, then a request for a "preservation" or "trial" deposition may be the appropriate step at that time.   Accordingly, Defendant's motion is premature.   Defendant presents no authority for the Court to allow a deposition that is both untimely and in excess of the ten depositions allowed by the Court, simply because the witness **may** become unavailable for trial, especially when the witness has agreed to attend the trial.

With regard to Defendant's contention that the Court should allow the deposition of Dr. Kraska because Defendant attempted to set his deposition before the close of discovery, but was unable to because Plaintiff's counsel did not provide his available dates in time, the Court finds that this contention is without merit.   Defendant knew about Dr. Kraska in time to schedule his deposition within the discovery period.   *See* [*Doc. 122-1* at 1] (letter dated February 26, 2014 from Defendant's counsel to Dr. Kraska about scheduling his deposition in early April, 2014).[2] The Rules of Civil Procedure only require that a party give reasonable written notice of a deposition (*see* Fed. R. Civ. P. 30(b)(1)), so Defendant's contention that Plaintiff did not give her available dates in time is unpersuasive.   Although Local Rule 30.1 requires parties to confer in good faith before serving notices of deposition, this does not mean that counsel should be lulled into waiting for opposing counsel's dates before setting the deposition of a critical witness.   The good faith requirement is met when counsel inquires of opposing counsel with alternate dates and provides adequate time to consider those dates.   If no response is received, counsel should notice the deposition rather than wait until discovery has closed.   While it appears that on May 21, 2014, counsel for Plaintiff agreed to Defendant taking Dr. Kraska's deposition (*see Doc. 122-3* at 1),

---

[2] The Court notes that the discovery period ended on May 7, 2014.   *See* [*Doc. 48*] (text-only order granting the parties' unopposed motion to extend the discovery deadline from April 7, 2014 to May 7, 2014 (*Doc. 46*)).

Defendant still failed to schedule the deposition.   Had Defendant taken Dr. Kraska's deposition when she received Plaintiff's agreement to do so, she would not now need leave of Court.   *See* Fed. R. Civ. P. 30(a)(2)(A)(i) (explaining that leave of Court is needed for depositions in excess of the 10 depositions allowed, ***if the parties do not stipulate to the deposition***).   Moreover, Defendant failed to ask the Court for leave to exceed the number of depositions (which is usually granted on a minimal showing of need based on relevance) until ***after*** the discovery deadline had run, and Plaintiff's May 21, 2014 e-mail was sent ***after*** the discovery deadline as well. Defendant's reliance on this e-mail for her failure to notice the deposition is, therefore, unpersuasive.   It is now clear that Plaintiff does not agree to the deposition, and the Court finds that Defendant's motion should be denied without prejudice because: (1) Defendant failed to timely notice Dr. Kraska's deposition; (2) Defendant has already taken the ten depositions she is allowed; and (3) Dr. Kraska has agreed to testify at trial and Defendant has made no showing as to why he would be unable to do so.   If Dr. Kraska becomes unavailable to testify at trial, Defendant may file a motion to take his trial deposition at that time.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Defendant's Amended Motion to Allow Additional Depositions [*Doc. 122*] is **DENIED without prejudice**. If Dr. Kraska becomes unavailable to testify at trial, Defendant may file a motion to take his trial deposition at that time.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**