IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KATHLEEN C. PEREA,**

      **Plaintiff,**

v.                              No. CIV-13-0697 KG/LAM

**JANIE S. CONNER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

      **Defendants.**

# ORDER DENYING MOTION TO COMPEL
# EXPERTS TO DISCLOSE INCOME [*Doc. 123*]

**THIS MATTER** is before the Court on Defendant Connor's (hereinafter, "Defendant") Motion to Compel Income Earned from Forensic Work and Other Information [*Doc. 123*], and Memorandum in Support [*Doc. 124*], both filed June 13, 2014.  Plaintiff filed a response to the motion on July 14, 2014 [*Doc. 159*], and Defendant filed a reply on July 30, 2014 [*Doc. 181*]. Having considered the motion, response, reply, record of the case, and relevant law, the Court **FINDS** that the motion should be **DENIED**.

Defendant asks the Court to order Plaintiff's experts to respond to questions posed to them during their depositions regarding the amount of income they earn from serving as experts. [*Doc. 123* at 1].  Defendant also asks the Court to order Dr. Perrillo to respond to questions concerning a lawsuit in which he accused a fellow expert of libeling him.  *Id.*  In the alternative, Defendant asks the Court to strike the experts and prohibit them from testifying at trial, and award Defendant the costs and fees incurred in filing and pursuing this motion.  *Id.*  In response, Plaintiff contends that the information sought by Defendant is outside the scope of discovery.

[*Doc. 159* at 2]. Plaintiff further contends that the motion is untimely because it was filed after the deadline for filing discovery motions. *Id.* at 4. Plaintiff states that Dr. Perrillo is under a protective order barring him from discussing the information sought by Defendant, and Plaintiff offers to provide the Court with a copy of the protective order for an *in camera* review. *Id.* at 7-8. In reply, Defendant contends that the Federal Rules of Civil Procedure do not preclude the experts from answering the questions at issue. [*Doc. 181* at 2-4]. In addition, Defendant states that her motion is not untimely, without any explanation or reference to authority as to why it is not untimely. *Id.* at 5.

First, Defendant fails to attach to her motion the portion of the deposition asking Dr. Perrillo for information regarding a prior lawsuit he filed against a competing expert. This is in violation of Local Rule 37.1, which requires parties seeking relief in a motion to compel to attach a copy of the "relevant portion of deposition transcript." D. N.M. LR Civ. 37.1(a). The Court, therefore, finds that Defendant's motion as to the information regarding Dr. Perrillo's prior lawsuit should be denied because the Court is unable to assess whether or not the questions posed to Dr. Perrillo were relevant or appropriately answered.

Next, the Court finds that Plaintiff's motion is untimely. Plaintiff states that the depositions of Drs. Perrillo and Gamboa took place on May 27 and May 29, 2014, respectively. *See* [*Doc. 159* at 2]. Defendant does not dispute this contention. *See* [*Doc. 181* at 5]. The Court extended the deadline for filing motions relating to discovery from April 14, 2014 to May 30, 2014, specifically to consider three motions that had already been filed within that deadline. *See* [*Doc. 110* at 2] (stating that the Court would consider *Docs. 99*, *100*, and *105*, filed May 27, 28 and 30, 2014, respectively, but only if they were timely under Local Rule 26.6). Defendant's motion, however, was not filed until two weeks after that deadline, and Defendant

2

does not give any explanation for this, other than stating: "Nor is Defendant's MTC Expert Income Untimely." [*Doc. 181* at 5].  The Court, therefore, finds that Defendant's motion is untimely.

In addition to Defendant's motion being untimely, the Court finds that Defendant has not shown how the experts' income earned from their litigation work is relevant to either party's claim or defense.  The cases upon which Defendant relies for this contention are not binding precedent which this Court must follow.  *See* [*Doc. 124* at 3] (citing *Spencer v. United States*, No. Civ.A.02-2106-CM, 2013 WL 23484640 (D. Kan. Dec. 16, 2003) (unpublished) and *Hawkins v. South Plains International Trucks, Inc.*, 139 F.R.D. 679 (D. Colo. 1991)).  In addition, Rule 26(a)(2)(B)(v) and (vi) only require experts to produce a list of all other cases in which the expert testified as an expert during the previous four years, and a statement of the compensation the expert is to be paid for the study and testimony in the current case.  Here, both experts testified as to what percentage of their income is a result of litigation work (*see Doc 124-1* at 1 and *Doc. 124-2* at 1).  Dr. Perrillo testified as to the percentage of his income that was derived from working for "persons who claim they have been injured" for the past five years (*Doc. 124-1* at 2), the number of cases he handles annually (*id.* at 6) and how much he bills for these cases (*id.*), and Dr. Gamboa testified that one hundred percent of his earned income is a result of his testifying as an expert (*Doc. 124-2* at 1).  Finally, it also appears that Dr. Perrillo was asked how much he was earning in this case, and he answered "$31,134.40." [*Doc. 159-6* at 5].  While information regarding an expert's potential bias may be relevant (*see Davis v. Alaska*, 415 U.S. 308, 316 (1974) (explaining that "[t]he partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony") (citation and internal quotation marks omitted)), Defendant fails to show how the experts' income earned from litigation other than the current case would show bias.  Defendant has had an opportunity to

3

discover what percentage of income the experts earn from their work in litigation, and their income from this case in particular, and the Court finds insufficient reason to compel the experts to disclose how much they have earned as experts in other cases.  *See also Chavez v. Marten Transport, LTD.*, Civ. No. 10-0004 MV/KBM, D. N.M., Aug. 9, 2011, Doc. 135 (finding that the expert was not required to disclose his total income from forensic work).

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Defendant's Motion to Compel Income Earned from Forensic Work and Other Information [*Doc. 123*] is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**