IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KATHLEEN C. PEREA,**

    **Plaintiff,**

v.                                 No. CIV-13-0697 KG/LAM

**JANIE S. CONNER and**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

    **Defendants.**

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER REGARDING RFP No. 20 [*Doc. 161*]

**THIS MATTER** is before the Court on Defendant Connor's Motion to Reconsider the Court's Order Regarding Request for Production No. 20 [*Doc. 161*] and Memorandum in Support [*Doc. 162*], both filed July 14, 2014. On July 31, 2014, Plaintiff filed a response to the motion [*Doc. 183*], and, on August 25, 2014, Defendant Connor (hereinafter, "Defendant") filed a reply [*Doc 208*].[1] Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **DENIED**.

Defendant asks the Court to reconsider its ruling on the parties' dispute regarding Plaintiff's "Pain Journal," which was the subject of Defendant's Third Request For Production (hereinafter "RFP") No. 20, and raised in Defendant's First Motion to Compel. *See* [*Doc. 138* at 7]. In that order, the Court found that, since Plaintiff stated that she had already produced the

---

[1] The parties filed their response and reply to both Defendant's motion to reconsider (*Doc. 161*) and Defendant's objections to the Court's order regarding Request for Production No. 20 (*Doc. 163*). The motion to reconsider is before the undersigned; however, the objections are before the presiding judge, as set forth in Rule 72(a), which provides that a district judge shall consider timely objections to an order on a non-dispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Court instructs the parties to refrain from combining responses or replies to two separate motions into one document. *See* Administrative Order No. 92-88 ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made.").

original pain journal, as asked for in RFP No. 20, Defendant's motion to compel Plaintiff to produce the journal "in context or with some assurance by Plaintiff's counsel that he reviewed the original source of the portions produced" should be denied. *Id*. The Court noted that Defendant relied on No. CIV 11-0422 JB/KBM, but failed to state which of the more than 200 documents filed in that case Defendant was relying upon. *Id.* In Defendant's motion for reconsideration, Defendant states that "her counsel inadvertently failed to provide an easily retrievable citation to the case cited in support of her argument that production of the entire original pain journal should be ordered in this case." [*Doc. 161* at 1]. Defendant now provides a citation for the order upon which she relies for her contention that the original pain journal should be produced. [*Doc. 162* at 3] (citing *Herrera v. Santa Fe Public Schools*, No. CIV 11-0422 JB/KBM, 2013 WL 4782160 (D.N.M. Aug. 19, 2013) (unpublished)). Defendant also contends that Plaintiff has refused to produce the original *digital* file of the pain journal, and that Plaintiff's counsel has refused to provide assurance that he reviewed the original electronic document. [*Doc. 162* at 2]. Defendant contends that, because the journal was produced to her as an Adobe Acrobat scan of a document, Plaintiff has failed to fully respond to RFP No. 20. *Id.* at 7. Defendant asks the Court to order Plaintiff to produce "the underlying document, whether a physical handwritten document or the original word processing digital file," as well as a formal response to the RFP describing what has been produced. *Id.*

In response, Plaintiff states that she properly produced a "copy" of the pain journal, as requested in RFP No. 20. [*Doc. 183* at 2]. Plaintiff states that, at her deposition, Defendant's counsel asked for a "copy" of the pain journal, and then, in RFP No. 20 asked for "the pain journal described by Ms. Perea during her deposition." *Id.* at 2-3. Plaintiff states that the copy of the pain journal produced to Defendant is a copy "of the full, complete, and entire 'pain journal.'" *Id.*

2

at 3.  Plaintiff states that "[t]here are no other entries, there are no other dates, and there exists **nothing** beyond the three pages produced by Plaintiff."  *Id.* (emphasis in original).  Plaintiff explains that the first 18 lines of typed text on "Perea P0047" (which is the Bates number of the first page of the pain journal) are entries attributable to Plaintiff's husband, John Perea.  *Id.*  Plaintiff states that Mr. Perea wrote his entries on scraps of paper that he dated, then Plaintiff transcribed the handwritten entries, including the dates Mr. Perea had indicated for each entry.  *Id.* at 4.  Plaintiff states that after transcribing the notes, and prior to litigation starting, she and Mr. Perea discarded the handwritten entries.  *Id.*  Plaintiff further states that the last eight lines of text on "Perea P0047," all lines of text on "Perea P0048," and all lines of text on "Perea P0049," are her pain journal entries.  All of this information is also contained in a sworn affidavit of Kathleen Perea, attached as Exhibit C to her response to Plaintiff's motion.  She further describes therein in detail exactly how she created her pain journal entries.

In reply, Defendant contends that Plaintiff has failed to produce the original pain journal because she failed to produce the handwritten notes and electronic entries that were used "as source documents" to create the pain journal.  [*Doc. 208* at 7-8].  Defendant asks the Court to order Plaintiff to produce the original word processing document with electronically stored information ("ESI") because that information would show when the pain journal was created and when Plaintiff entered her complaints regarding her pain.  *Id.* at 16-17.  Defendant states that she did not request the ESI regarding the pain journal earlier because such a request would have been untimely under the discovery deadlines.  *Id.* at 19-20.  In her reply brief, Defendant asks for:

> 1) the original digital word processing document(s) of the PDF formatted documents previously produced in native format with metadata;

3

>    2) the original digital word processing document(s) of all entries made directly into a computer and then recompiled in the document previously produced in PDF format, in native format with metadata;
>
>    3) all e-mails containing pain journal entries in native format with metadata;
>
>    4) the computer or computers utilized to compile and preserve all of the foregoing so that they may be subjected to forensic review;
>
>    5) a short deposition of the Plaintiff and her husband to explore the creation of the pain journal, the creation of the summary, and the destruction of the original pain journal.

*Id.* at 21.

The Court finds that Defendant's motion for reconsideration should be denied. First, Defendant has failed to set forth an intervening change in the law, new evidence previously unavailable to Defendant, or a demonstration of clear error in the Court's ruling, and Defendant raises arguments that have already been addressed or could have been raised in prior briefing. *See Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (citation omitted). For this reason alone, Defendant's motion should be denied.

Nevertheless, the Court has considered the decision in *Herrera*, in which the Court found that the plaintiff's entire journal should be disclosed to the defendants, because: (1) the defendants made an adequate showing that the limited entries produced by the plaintiff may not have been written at the time the plaintiff said they were, or for the reasons the plaintiff said they were; and (2) the plaintiff's counsel did not review the journal before producing the journal entries in response to the defendants' discovery requests. 2013 WL 4782160, at 20. The Court finds that case to be unpersuasive, however, because in this case Plaintiff has stated that she already

4

produced the <u>entire</u> pain journal -- not just limited entries that were chosen by Plaintiff, and Defendant has not made any showing that the entries in the journal may not have been written at the time Plaintiff said they were or for the reasons Plaintiff said they were.  Moreover, the Court has already ordered Plaintiff's counsel to review any diaries, journals, or calendars to assess the relevance of Plaintiff's entries in those documents to the claims in this case, and to produce all documents that are relevant to the claims and defenses raised in this case.  *See* [*Doc. 199* at 5] (Order Granting in Part Defendant's Second Motion to Compel).  The Court, therefore, finds that Defendant's motion should be denied for this reason as well.

Finally, the Court notes that Defendant did not ask for the underlying word processing document, the ESI, or the metadata, for the pain journal, or for Plaintiff's computer, in her initial discovery request.  *See* [*Doc. 79-11* at 2] (RFP No. 20, asking for "the pain journal described by Ms. Perea during her deposition").  Defendant states that she did not ask for the ESI relating to the journal because such a request would have been untimely under the discovery deadline.  *See* [*Doc. 208* at 19-20].  Regardless, Rule 34 sets forth a procedure by which a party can request ESI, stating that the request "may specify the form or forms in which electronically stored information is to be produced" (Fed. R. Civ. P. 34(b)(1)(C)), and that, "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms; and . . . [a] party need not produce the same electronically stored information in more than one form" (Fed. R. Civ. P. 34(b)(2)(E)(ii)-(iii)).  Therefore, without any request for the underlying word processing document or ESI in Defendant's initial request, the Court finds that Plaintiff's production of the pain journal in PDF format complies with Rule 34.  Since Defendant has not made a showing that Plaintiff has provided incomplete or inaccurate entries in the pain journal,

Defendant's requests for additional digital information and for Plaintiff's computers in order to run a forensic evaluation, are untimely and should be denied for that reason as well. The Court finds that Defendant's continued pursuit of this information absent a showing of wrongdoing on Plaintiff's part, and having failed to follow the procedures set forth in Rule 34, border on harassment, and the Court warns Defendant that further similar actions may result in sanctions being imposed on Defendant and/or her counsel.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Defendant Connor's Motion to Reconsider the Court's Order Regarding Request for Production No. 20 [*Doc. 161*] is **DENIED**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**