# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Kathleen Perea,

       Plaintiff,

vs.                                                                      No. CIV 13-697 KG/LAM

Janie S. Conner and State Farm
Mutual Automobile Insurance Co.,

       Defendants.

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 16.  The parties conferred and

submit the following Pretrial Order.

## I.  APPEARANCES

Attorneys who will try this action:

For Plaintiff(s)        James H. Wood, Lead Counsel

                          Brendan O'Reilly

                          Rose Osborne

For Defendant(s)       John S. Stiff, Esq.
                          Stiff, Keith & Garcia, LLC

## II.  JURISDICTION AND RELIEF SOUGHT

**A.**    **Subject Matter Jurisdiction.**

    **1.**    **Was this action removed or transferred from another forum?**

      __X_ Yes ___ No     If yes, was the action removed or transferred?

      _____X_____ Removed  _____ Transferred _____ Original forum

    **2.**    **Is subject matter jurisdiction of this Court contested?**

      ____X____ Uncontested  _____ Contested _____ Party Contesting

    **3.**    **Asserted basis for jurisdiction.**

      _____ Federal Question  ____X____ Diversity  _____ Other

    Statutory Provision(s) Invoked:  28 U.S.C. § 1332

**B.**    **Personal Jurisdiction and Venue.**

    **1.**    **Is personal jurisdiction contested?**

      ___X____ Uncontested_____ Contested

    Identify the party contesting personal jurisdiction and basis for objection:

    _____

    **2.**    **Is venue contested?**

      ___X____ Uncontested  _____ Contested  _____ Party Contesting

    Identify the party contesting venue and basis for objection:

    _____

**C.**    **Are the proper parties before the Court?**

    ___X____ Uncontested_____ Contested

    If contested, identify each missing party or improper party and the basis for contention:

    _____

**D.**     **Identify the affirmative relief sought in this action.**

1.     Plaintiff seeks:  Judgment against Defendants for monetary damages, costs, and all other relief to which she is entitled.

2.     Defendant seeks:  Defendant seeks dismissal of the claims with prejudice and judgment on behalf of Defendants with costs incurred.

3.     Other party seeks:

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.**     **Plaintiff's claims:**

Defendant Conner ran a red light.   Defendant Conner's vehicle rammed Plaintiff Kathleen Perea's vehicle.  The impact totaled both vehicles and damaged a third vehicle.  The collision caused Kathleen to lose consciousness.   Following the collision, Kathleen was transported by ambulance to Christus St. Vincent Regional Medical Center in Santa Fe.  Among other things, Kathleen suffers from PTSD and a traumatic brain injury (a TBI).

Kathleen contends that Defendant Conner was negligent; Defendant Conner's negligence caused or was a cause of Kathleen's injuries and resulting damages.  Kathleen contends that Defendant Conner failed to use ordinary care to prevent the collision.  Among other things, Defendant Conner failed to maintain a proper lookout; failed to yield to cross traffic at a red light; and failed to maintain proper control of her vehicle.  Kathleen contends that Defendant Conner failed to obey the law, and she contends that Defendant Conner was negligent *per se*.

As a result of Defendant Conner's negligence, among other things, Kathleen suffered and suffers from physical injuries, mental injuries, emotional injuries, and psychological injuries. Kathleen contends that she should be allowed to recover all elements of damages allowed by New Mexico law, including:  medical expenses; lost wages and/or lost-earning capacity; lost

employment benefits; nonmedical expenses; nature, extent, and duration of the injury; physical pain and suffering; emotional pain and suffering; mental anguish; and loss of enjoyment of life. Kathleen also contends that she should be allowed to recover damages for loss of household services.

Among other things, by refusing and failing to settle Kathleen's claims within Defendant Conner's policy limits, Kathleen contends that Defendant State Farm acted in bad faith *(Hovet* claim), violated the New Mexico unfair insurance practices act, and the New Mexico unfair trade practices act. Therefore, Kathleen should be allowed to recover all damages allowed by New Mexico law arising from Defendant State Farm's actions and omissions, including attorney fees.

**B.** **Defendant's defenses:** *(A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.)*

Defendant Janie Conner denies the Plaintiff's claims and affirmatively states:

During a late spring snowstorm, the Defendant, Janie Conner, was stopped at the intersection of Beckner Road and Cerrillos in Santa Fe, New Mexico. The traffic light was controlled by a video processor for the direction of travel followed by the Defendant. There was no white line or "stop bar" painted on the asphalt at the entrance to the intersection. Video processors have difficulty sensing vehicles when there is a light covering of snow on the pavement, during low light levels and when the vehicle are dark in color.

The weather was fog, freezing fog and snow. The temperature ranged from 22 to 25 degrees. The wind was blowing from west to east at approximately 10 mph. Janie Conner was heading toward the west.

The Plaintiff was driving south. She was on her cell phone using a hands free function. She was in the far right lane. Whether the plaintiff stopped at the stop light is disputed by an eye witness.

The Defendant entered the intersection after waiting for more than 5 minutes.  A vehicle to the left of the Defendant entered the intersection.  The Defendant entered the intersection next, following the first, doing what a reasonable person would have who desired to comply with the law.  The collision occurred.

The Plaintiff did not suffer a mild traumatic brain injury, and in any event, has recovered. She has not lost any time from work since the Spring of 2010.  She alleges that she is suffering from cognitive deficits; however, the Defendant denies these deficits exist and to the extent they do exist, are caused by factors other than the car accident.

The Defendant raises the affirmative defenses of comparative negligence, including contributory negligence; failure to mitigate damages, independent intervening cause, excuse or justification, and failure to state a claim for which relief can be granted.

As to the claims against State Farm contained in the Pre-Trial Order, these claims have been bifurcated and stayed pursuant to New Mexico law and, therefore, are not addressed in Defendant Conner's portion of the Pre-Trial Order.

**C.**     **Claims or defenses of other party:**

*(Where counterclaims or cross-claims exist, also give brief description.)*

### IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.**     **Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

(1)     This civil action arises from a car wreck.

(2)     The car wreck occurred on March 14, 2010.

(3)     The car wreck happened in Santa Fe, New Mexico.

(4)     The car wreck happened at the intersection of Cerrillos Road and Beckner.

(5)     At the time of the car wreck, Defendant State Farm insured Defendant Conner and her vehicle.

(6)     Before filing suit, Plaintiff offered to settle her claims against Defendant Conner within policy limits.

(7)     Defendant State Farm rejected Plaintiff's offer of settlement.

**B.     Contested Material Facts.**

1.     Plaintiff's Contentions:

1.1     Whether Defendant Conner was negligent?

1.2     Whether Defendant Conner's negligence caused or was a cause of Kathleen's injuries and resulting damages?

1.3     The nature and extent of Kathleen's injuries.

1.4     The amount of Kathleen's damages.

1.5     Whether Defendant Conner failed to use ordinary care to prevent the collision?

1.6     Whether Defendant Conner failed to maintain a proper lookout?

1.7     Whether Defendant Conner failed to yield to cross traffic at a red light?

1.8     Whether Defendant Conner failed to maintain proper control of her vehicle?

1.9     Whether Kathleen Defendant Conner failed to obey the law?

1.10     Whether Defendant Conner was negligent *per se?*

1.11     Whether Kathleen suffered and suffers from PTSD?

1.12     Whether Kathleen suffered and suffers from a TBI?

      1.13     Whether Kathleen suffered and suffers from other physical injuries, mental injuries, emotional injuries, and psychological injuries?

2.     Defendant's Contentions:

     a.     Whether Defendant Conner was negligent.

     b.     If Defendant Conner was negligent, whether the alleged negligence was the proximate cause of Plaintiff's damages.

     c.     The nature and extent of Plaintiff's alleged damages.

     d.     Whether Plaintiff was contributory negligent.

     e.     Whether the Plaintiff has established an adequate foundation for an award of lost earnings, lost earning capacity, future medicals, future damages.

     f.     Whether Plaintiff's experts' opinions are admissible.

     g.     Whether any conduct by the City of Santa Fe caused or contributed to the cause of the accident

     h.     Whether the Plaintiff has exercised ordinary care to preserve evidence in the case, including On-Star audio of the conversation between the On-Star operator and the Plaintiff shortly after the accident, event data recorders, air bag sensors, cell and text phone evidence, and Plaintiff's calendars and diaries.

3.     Contentions of Other Party:

## V.  APPLICABLE LAW

**A.**     **Do the parties agree which law controls the action?**

   __X__ Yes    _____ No

**If yes, identify the applicable law:**  New Mexico

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

1.      Plaintiff

2.      Defendant

3.      Other Party

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1.      Plaintiff:  At this time, Kathleen is unaware of any contested issues of law.

2.      Defendant: None, other than those implicit in the foregoing statement of factual

contentions.

3.      Other Party

## VII.  MOTIONS

**A.      Pending Motions (indicate the date filed):**

1.      Plaintiff

2.      Defendant

        a.      Motion to Strike Untimely Designation of Expert Testimony of Officer

Brian Waller, Dr. Steven Martinez PhD, and Susan Bright, filed on June 13, 2014.

        b.      Daubert Motions regarding Plaintiff's retained experts, Richard Perrillo,

Ph.D., Anthony Gamboa, Ph.D., and Steven Martinez, Ph.D., filed June 30, 2014.

3.      Other Party

**B.      Motions which may be filed:**

1.      Plaintiff:  Plaintiff will file motions in *limine*.  Plaintiff will file a motion to try

this matter in Santa Fe for the convenience of the parties and the witnesses.

2.      Defendant:

        a.      Motion to Reopen Discovery.

       b.       Motion to Allow Depositions to Preserve Trial Testimony.

       c.       Motion *in limine* regarding future damages, extrinsic evidence, as well as other evidentiary issues raised by discovery.

       d.       Trial brief.

3.      Other Party

Briefing must be complete and filed with the Court by March 6, 2015.

## VIII.  DISCOVERY

**A.**     **Has discovery been completed?**   ___X___ Yes  _____ No

If no, discovery terminates on _____.

Defendant claims that additional discovery is needed.  If the Court allows the Plaintiff to offer testimony that the Plaintiff is suffering from dementia caused by the accident, the Defendant asks the Court for additional medical expert testimony and to re-depose the plaintiff's retained experts.

**B.**     **Are there any discovery matters of which the Court should be aware?**

Defendant asks the Court to allow it to reopen discovery.  Plaintiff has raised the claim that the accident caused her to suffer from dementia.  During the expert depositions, Plaintiff's experts claimed that the Plaintiff was suffering from pervasive white matter changes as a result of the accident, which created the potential for the development of Alzheimer's or dementia.  In records produced after the conclusion of the deposition of Kathleen's treating psychologist, Dr. Martinez' records state Plaintiff is currently suffering from dementia.  This is a new claim, not raised previously.  In the event the Court allows this claim to proceed, Defendant asks the Court to re-depose Plaintiff's experts, Drs. Perrillo and Martinez, as well as grant the Defendant latitude to name additional experts as necessary to rebut this significant new claim.

In addition, - had the claim Plaintiff is suffering form dementia had been raised during the discovery period, the Defendant would have disclosed a retained expert neurologist, as well as taken depositions of the treating neurologists, Dr. Weng, M.D. and Dr. Baten, M.D.  Drs. Weng and Baten saw the Plaintiff soon after the time of the incident, within the 12 months following the accident, and did not recommend further treatment.

Good cause exists to modify the Scheduling Order.  Considerations include the following factors:  Plaintiff's late disclosure of expert testimony, including retained expert testimony, as late as August 2014, after the Defendant's expert disclosure, thus depriving the Defendant of the ability to disclose retained experts to controvert the Plaintiff's experts.  For example, the Plaintiff disclosed Officer Brian Waller to testify as an expert, after his deposition, to testify that the traffic lights were working properly.  The Defendant has not been able to controvert this claim by retaining an accident reconstructionist who would be allowed to testify at trial.  Second, this is not a "standard automobile accident case."  The Plaintiff, on information and belief, will ask the jury to award more than $5,000,000.00.  Third, the issues in the case are complex, and the complexity of the case continues to develop.  Fourth, allowing the modification would not result in moving the trial date.  The requested discovery will be limited, and can easily be accomplished without affecting the trial date.  Last, the Defendant exercised diligence to accomplish this discovery.  This diligence includes attempting to take the plaintiff's experts starting in February 2014, filing a motion to extend the 10 limit on May 30, 2014, and because the Defendant was limited to ten deposition, the Defendant had to choose between deposing retained experts or taking depositions of treating healthcare providers, including neurologists and the emergency room physician.

In addition to reopening discovery, the Defendant asks the Court for permission to take depositions to preserve testimony in lieu of live appearance by the witnesses.  Dr. Russell is a known psychologist in Las Vegas, New Mexico, almost 320 miles from Las Cruces, New Mexico.  The cost of bringing Dr. Russell to the trial would be significant.  Dr. Wang, Dr. Baten, and Nurse Wassner all reside in Santa Fe, New Mexico, and cost of bringing them to Las Cruces, New Mexico would necessarily include five (5) hours of travel each way.  This is also true for Rich Divine, the City of Santa Fe Assistant Traffic Engineer.  In addition, likely the witnesses would be hostile to the Defendant, assuming the Defendant causes a subpoena for their trial appearance to be served.  Plaintiff objects to these depositions to preserve testimony.  Finally, in this traumatic brain injury case in which the testimony of the emergency room physician is critical to the defense, the emergency room physician now resides in Idaho.  Although the emergency room physician has agreed to testify at the trial, the Defendant will have to pay an expert witness fee for his travel expenses, which will be prohibitive.  Plaintiff also opposes this deposition.[1]

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.**     **Plaintiff's Witnesses:**

1.     Plaintiff will call or have available at trial the following witnesses:

1.1     Kathleen Perea:  Ms. Perea is expected to testify about the car wreck; the facts and circumstances leading up to the car wreck; the facts and circumstances after the car wreck;

---

[1] Defendant filed a motion to allow the deposition of the emergency room physician, which the magistrate denied without prejudice.

her injuries; how the car has affected her life; and her condition before and after the car wreck. Ms. Perea is expected to testify consistent with her deposition testimony.

 1.2 John Perea: Mr. Perea is expected to testify about his wife's injuries; how the car wreck has affected his wife's life; and his wife's condition before and after the car wreck. Mr. Perea is expected to testify consistent with his deposition testimony.

 1.3 Janie Conner:  Ms. Conner is expected to testify about the car wreck; the facts and circumstances leading up to the car wreck; and the facts and circumstances after the car wreck. Ms. Conner is expected to testify consistent with her deposition testimony.

 1.4 Margaret Jordan: Ms. Jordan is expected to testify about the car wreck; the facts and circumstances leading up to the car wreck; and the facts and circumstances after the car wreck.  Ms. Jordan is expected to testify consistent with her deposition testimony.

 1.5 Angela Colmenero:  Angela is expected to testify about Kathleen's injuries and damages; how the car wreck has affected Kathleen's life; and Kathleen's condition before and after the incident.

 1.6 Bobby Gallegos:  Mr. Gallegos is expected to testify about the car wreck; the facts and circumstances leading up to the car wreck; and the facts and circumstances after the car wreck.  Ms. Gallegos is expected to testify consistent with his deposition and his written statements.

 1.7 Maria Letey:  Maria is expected to testify about Kathleen's injuries and damages; how the car wreck has affected Kathleen's life; and Kathleen's condition before and after the incident.

1.8     Luz Roybal:  Luz is expected to testify about Kathleen's injuries and damages; how the car wreck has affected Kathleen's life; and Kathleen's condition before and after the incident.

1.9     Barbara Salazar:   Luz is expected to testify about Kathleen's injuries and damages; how the car wreck has affected Kathleen's life; and Kathleen's condition before and after the incident.

1.10    Officer Bryan Waller:  Officer Waller is expected to testify about the car wreck; the facts and circumstances leading up to the car wreck; and the facts and circumstances after the car wreck.  Officer Waller is expected to testify consistent with his deposition and the accident report.

1.11    Dr. Steven Martinez:  Dr. Martinez is one of Kathleen's treating physicians and experts.  Dr. Martinez is expected to testify that Kathleen suffers from a TBI and PTSD as a result of the collision.  Dr. Martinez is expected to testify about his treatment of Plaintiff.  Dr. Martinez is expected to testify consistent with his deposition testimony.

1.12    Dr. Richard Perrillo:  Dr. Perrillo is one of Kathleen's experts.  Dr. Perrillo is expected to testify that Kathleen suffers from a TBI and PTSD as a result of the collision.  Dr. Perrillo is expected to testify consistent with his deposition testimony and his written report.

1.13    Nurse Laura Lampton:  Nurse Lampton is one of Kathleen's experts.  Nurse Lampton is expected to testify about her lifecare plan for Kathleen.  Nurse Lampton is expected to testify consistent with her deposition testimony and her written report.

1.14    Dr. Anthony Gamboa:  Dr. Gamboa is one of Kathleen's experts.  Dr. Gamboa is expected to testify about Kathleen's lost-earning capacity and loss of household services.  Dr. Gamboa is expected to testify consistent with his deposition testimony and his written report.

2.      Plaintiff may call the following witnesses:

2.1     Any necessary records custodian.

**B.      Defendant's Witnesses:**

1.      Defendant will call or have available at trial the following witnesses:

a.      Janie S. Conner
        c/o her attorney John S. Stiff
        STIFF KEITH & GARCIA LLC
        400 Gold Ave. SW Suite 1300 W
        Albuquerque NM 87102
        (505) 243-5755

Ms. Conner was the driver of the other vehicle involved in the accident and may testify regarding the circumstances surrounding the accident.

2.      Defendant may call the following witnesses:

a.      Kathleen Perea
        c/o her attorney James H. Wood
        LAW OFFICE OF JAMES H. WOOD
        423 6th St. NW
        Albuquerque NM 87102
        (505) 340-3134

Plaintiff Kathleen Perea may testify regarding the circumstances surrounding the accident, injuries she sustained due to the accident, treatment she received as a result of the injuries she sustained in the accident, and impact of the accident and injuries she sustained in the accident upon her employment activities at both jobs where she was employed prior to the accident.

b.      John C. Perea
        c/o his attorney James H. Wood
        LAW OFFICE OF JAMES H. WOOD
        423 6th St. NW
        Albuquerque NM 87102
        (505) 340-3134

John Perea may testify regarding the impact of the accident upon his wife and upon himself, treatment provided to Kathleen Perea, and treatment and activities he was required to assume as a result of the accident.

    c.       Bobby Gallegos
             1704 Paseo de Peralta
             Santa Fe NM 87501
             (505) 470-6199

Mr. Gallegos witnessed the accident and may testify regarding the  circumstances surrounding the accident.

    d.       Russell H. May
             320 S. Bard Apt. B
             Santa Clara NM 88026
             (575) 574-0429

Mr. May was the driver of vehicle #3, and witnessed the accident which is the subject of this claim, and may testify regarding the circumstances surrounding the accident.

    e.       Officer Bryan Waller, Ptlmn
             c/o NEW MEXICO STATE POLICE
             4481 Cerillos Rd.
             Santa Fe NM 87507-9721
             (505) 827-9300

Officer Waller investigated the accident scene which is the subject of this claim and may testify regarding his investigation and findings contained in his report.

    f.       Michael Flores, Lead Medic
             CITY OF SANTA FE FIRE DEPT   .
             200 Murales Rd.
             Santa Fe NM 87501
             (505) 955-3110

Mr. Flores was the lead medic who provided treatment to Ms. Perea at the scene of the accident. Mr. Flores may testify regarding Ms. Perea's condition at the scene of the accident and treatment provided to Ms. Perea.

    g.       Adan Lopez, Driver
             CITY OF SANTA FE FIRE DEPT.
             200 Murales Rd.
             Santa Fe NM  87501
             (505) 955-3110

Mr. Lopez was the driver of the City of Santa Fe Fire Dept's vehicle which responded to the scene of the accident. Mr. Lopez may testify regarding Ms. Perea's condition upon their arrival at the scene of the accident, and treatment provided by City of Santa Fe Fire Dept. to Ms. Perea.

h.    Deb Williams RN
CHRISTUS ST. VINCENT REGIONAL MEDICAL CENTER
455 St. Michael's Dr.
Santa Fe NM 87505
(505) 913-3361

Nurse Williams was the triage and discharge nurse and is expected to testify regarding Ms. Perea's condition and treatment at Christus St. Vincent Regional Medical Center following the accident which is the subject of this claim.

i.    Eric Maison Kraska MD
2963 E. Copper Point Drive
Meridian Idaho 83642
(208) 947-0148

Dr. Kraska is expected to testify regarding Plaintiff Kathleen Perea's condition and treatment at Christus St. Vincent Regional Medical Center following the accident which is the subject of this claim.

j.    Susan Bright DC
1504 S. St. Francis Dr.
Santa Fe NM 87505
(505) 984-1222

Dr. Bright may testify regarding treatment she provided to Ms. Perea prior to and after the accident that is the subject of this claim.  Dr. Bright may testify by deposition.

k.    Marci Brooks MA, LPCC
1502 S. St. Francis Dr.
Santa Fe NM 87505
(505) 989-7754

Ms. Brooks may testify regarding treatment she provided to Ms. Perea and its relationship to the accident that is the subject of this claim.

l.    Linda Wassner C.F.N.P
ELDORADO MEDICAL CARE
1 Caliente Rd., Suite C
Santa FE NM 87505
(505) 466-1400

Nurse Wassner may testify regarding treatment she provided to Ms. Perea at Eldorado Medical Care before and after the accident which is the subject of this claim.

m.   Thomas Ray Burdick MD
     SANTA FE RADIOLOGY PC
     1640 Hospital Dr.
     Santa Fe NM 87505
     (505) 983-9250

Dr. Burdick may testify regarding the MRI Imaging results for MRI performed 01/28/11.

n.   David R. Brown MD
     SOUTHWESTER EAR, NOSE & THROAT
     1620 Hospital Dr.
     Santa Fe NM 87505
     (505) 982-4848

Dr. Brown is expected to testify regarding treatment provided to Plaintiff Kathleen Perea by Southwest Ear, Nose & Throat.

o.   Laura Dimitrov PT
     ACTIVE RECOVERY LLC
     1704 Lena St. A-1
     Santa Fe NM 87505
     (505) 982-5868

Laura Dimitrov is expected to testify regarding treatment provided to Plaintiff Kathleen Perea.

p.   Gerald H. Russell Ph.D.
     HIGH PLAINS NEUROPSYCHOLOGY ASSOCIATES PC
     1101 Douglas, P.O. Box 1705
     Las Vegas NM 87701
     (505) 429-4679

Dr. Russell is expected to testify regarding evaluation and treatment of Plaintiff Kathleen Perea.

q.   Gabriela Munoz Ph.D.,L.P.
     MOUNTAIN VISTA WELLNESS ASSOCIATSE
     128 East San Mateo Rd.
     Santa Fe NM 87501
     (505) 989-8041

Dr. Munoz is expected to testify regarding evaluation and treatment provided to Plaintiff Kathleen Perea.

r.      Michael Baten MD
        NEUROLOGICAL ASSOCIATES
        531 Harkle Rd. Suite C
        Santa Fe NM 87505
        (505) 983-8182

Dr. Baten is expected to testify regarding evaluation and treatment provided to Plaintiff Kathleen Perea.

s.      R. Sann Gossum MD
        ORTHOPAEDIC & SPORTS MEDICINE OF SANTA FE
        1631 Hospital Dr. Suite200
        Santa Fe NM 87505
        (505) 424-0200

Dr. Gossum is expected to testify regarding his examination and treatment provided to Plaintiff, Kathleen Perea.

t.      Steve Sandoval Martinez Ph.D., L.P.
        128 Grant Ave # 105
        Santa Fe NM 87501
        (505) 989-7423

Dr. Martinez is expected to testify regarding evaluation and treatment provided to Plaintiff' Kathleen Perea and to John Perea, and also the history given to him of the extra-marital affair by John Perea.

u.      William Wengs MD
        2009 Botulph Rd. Suite 500
        Santa Fe NM 87505
        (505) 986-2890

Dr. Wengs is expected to testify regarding examination and treatment provided to Plaintiff Kathleen Perea. (*He diagnosed post concussive syndrome.*)

v.      Margaret McLeod Jordan Esq.
        3700 Thanksgiving Tower
        1601 Elm St.
        Dallas TX  75205
        (214) 777-4213

Margaret Jordan was a passenger in the vehicle driven by Janie S. Conner on the date of the accident that is the subject of this claim and may testify regarding the circumstances surrounding the accident.  She recalls that she observed that the traffic light was malfunctioning and commented on this to Janie Conner.

Margaret Jordan also recalls speaking to Ms. Connor who told her that when Ms. Conner asked about the Plaintiff, someone was yelling at her, and that an officer told her to get back in her car. Ms. Jordan stated that after Janie Connor got back in the car, Ms. Conner stated that the officer did not ask if the light was malfunctioning, and Ms. Connor did not volunteer this information. Ms. Jordan believes this is because Ms. Connor did not know what to say to the officer.

w.  Officer Cipriano Varela
    c/o City of Santa Fe Police Department
    2515 Camino Entrada
    Santa Fe NM 87507
    (505) 955-5010

Officer Varela was present at the scene of the accident and may testify regarding his observation of the accident

x.  Officer Mario Salvidres
    c/o City of Santa Fe Police Department
    2515 Camino Entrada
    Santa Fe NM 87507
    (505) 955-5010

Officer Salvidres was present at the scene of the accident and may testify regarding his observation of the accident.

y.  Patrick Sanchez
    c/o City of Sana Fe Police Department
    2515 Camino Entrada
    Santa Fe NM 87507
    (505) 955-5010

Officer Sanchez was present at the scene of the accident and may testify regarding his observation of the accident.

z.  Sgt Kyle Zuments
    c/o City of Santa Fe Police Department
    2515 Camino Entrada
    Santa Fe NM 87507
    (505) 955-5010

Officer Zuments was present at the scene of the accident and may testify regarding his observation of the accident.

aa.    Troy Baker
       c/o City of Santa Fe Police Department
       2515 Camino Entrada
       Santa Fe NM 87507
       (505) 955-5010

Officer Baker was present at the scene of the accident and may testify regarding his observation of the accident.

bb.    Records Custodian - 911 Dispatcher
       c/o City of Santa Fe Communications Center
       2515 Camino Entrada
       Santa Fe NM 87507

The dispatcher may testify regarding their tape recording of the 911 call notifying them of the accident.

cc.    City of Santa Fe Meteorologist
       c/o  Santa Fe Airport
       121 Aviation Drive
       Santa Fe NM
       (505) 955-2900

The meteorologist may testify regarding weather conditions in the City of Santa Fe on March 14, 2010, which was the date of the accident.

dd.    Records Custodian, in care of OnStar
       Clark F. Paull III, Coordinator, Discovery & Litigation Support
       400 GM Renaissance Center,
       P.O. Box 400,
       Detroit MI 48265-4000
       (313) 665-7454

The OnStar Records Custodian would testify to the record concerning the OnStar call on 03/14/10.

ee.    Christopher Zimmerman, Claims Adjuster,
       ALLSTATE
       Las Vegas Claim Office,
       500 E. Warm Springs Road, Suite 200,
       Las Vegas Nevada 89119
       (702) 837-7111

Mr. Zimmerman took a recorded statement from Ms. Perea concerning her memory of the accident of 03/14/10.

ff.     Thomas Grace, MD
        Albuquerque Independent Medical Examiners
        8301 in Road NE
        Albuquerque, NM  87109

See deposition.

gg.     Ted D. Evans Ph.D.
        5363 Balboa Blvd., Suite 437
        Encino CA 91316

See deposition.

hh.     Jill Aguilar
        c/o Papa Murphy's
        3201 Zafarano Drive
        Santa   Fe, NM 87507

Ms. Aguilar may testify about the nature of the relationship between herself and
Mr. Perea, as well as the frequency and continuity of calls and text messages
during 2011, 2012, 2013 and 2014.

ii.     Rick Devine
        City of Santa Fe Assistant Traffic Engineer
        200 Lincoln Ave.
        Santa Fe, NM

Mr. Devine may testify regarding the proper operation of the traffic signals, the
phases of the lights, the use of a video processor to sense traffic being present at
the intersection at the time of this accident and the requirements of the Manual on
Uniform Traffic Control Devices.

jj.     Brian Ainsworth
        New Mexico Department of Transportation
        7315 Cerrillos Road
        Santa Fe, NM 87502

Record custodian for traffic studies performed regarding the accident intersection
in the City of Santa Fe, including statistics indicating the frequency of accidents at
this intersection in comparison to other intersections in the City of Santa Fe.

kk.     Necessary Record Custodians

ll.     Any witness listed by the Plaintiff

mm.   Record Custodian for cell phone providers to establish a foundation for cell phone bills and text messages from October 2011 through the date of trial for cell phones used by John Perea and Jill Aguilar.

## X.  TRIAL PREPARATION

**A.     Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.   The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than **20 calendar days** before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than **20 calendar days** before trial.  Each party's contested exhibit list must be filed on the date identified in the preceding paragraph.      All exhibits must be marked before trial.  Exhibits must be marked numerically and identify the party offering the exhibit.  The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.     Witness Lists.**

Each party's witness list must be filed with the Clerk and served on all parties **20 calendar days** before trial.  Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due **5 calendar days** before trial.  The objecting party must mark those portions of the requested deposition testimony to which the party objects. Marking must comply with D.N.M.LR-Civ. 10.6.  The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least **5 calendar days** before trial.

C.      **Voir Dire.**

    1.      If allowed, do the parties which to participate in voir dire?

        Plaintiff              __X___ Yes _____ No

        Defendant           __X___ Yes _____ No

        Other Party         _____ Yes _____ No

    2.      Each party wishing to participate in voir dire must serve on all parties and file with the Clerk a pleading entitled "Proposed Voir Dire Questions."  The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed voir dire questions.  This request must be filed at least **7 calendar days** prior to jury selection.

D.      **Jury Instructions and Verdict.**

    **1.      In General.**  The parties must confer about proposed jury instructions.  The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given.  The stock instructions are available from the Court's web site.  The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

    **2.      Sources for Instructions.**  If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

    **3.      Submission of Proposed Instructions.**  The parties must submit one mutually approved set of jury instructions no later than **20 calendar days** before trial.  For those

instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

**4.      Form of Instructions.**

a.      Submit sets of double-spaced instructions as follows:

Two set(s) of originals without citations and headed "Instruction No. ___"; and three set(s) with citations and numbered accordingly, one of which will be filed.

b.      If requested, also submit all instructions in a format compatible with MS Word.   Please refer to the procedures, available on our web site, for electronically submitting proposed text.

c.      Submit no more than one instruction to a page.

d.      All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

e.      Submit a cover sheet on all sets of instructions.

**5.      Deadlines for Submitting Instructions**.

a.      Instructions shall be filed **20 calendar days** before trial.

b.      Supplemental unanticipated jury instructions may be submitted at trial.

**E.      Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection.   The statement must be submitted to the Court **20 calendar days** before jury selection.

**F.      Submission for Bench Trials.**

1.      The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than _____ calendar days before trial.  For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

2.      If requested, submit the findings of fact and conclusions of law in a format compatible with MS Word.  Please refer to the procedures, available on our web site, for electronically submitting proposed text.

## XI. OTHER MATTERS

**A.      Settlement Possibilities.**

1.      The possibility of settlement in this case is considered:

_____X____ Poor _____ Fair _____ Good _____ Excellent _____ Unknown

2.      Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____ Yes _____X____ No If yes, when? The parties have mediated the case twice with a private mediator.

If a settlement conference has already been held, indicate approximate date:  November 17, 2014.

Would a follow-up settlement conference be beneficial?      _____ Yes ___X__ No

3.      Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify: _____

If no, explain why not: _____

**B.      Length of Trial and Trial Setting.**

1.      This action is a         _____ Bench Trial      __X__ Jury Trial      _____ Both

2.      The case is set for trial on April 13, 2015.  If there is no setting, the parties

estimate they will be ready for trial by _____.

3.      The estimated length of trial is seven ***to ten trial days or approximately ten***

***calendar days.***

**XII. EXCEPTIONS**

**XIII. MODIFICATIONS-INTERPRETATION**

The Pretrial Order when entered will control the course of trial and may only be amended

*sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be

deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby
approved this 17th day of December, 2014.

*/s/ James H. Wood_____*
James H. Wood, Esq.
Brendan O'Reilly, Esq.
Rose Osborne, Esq.
Law Office of James H. Wood
423 Sixth St., NW
Albuquerque, NM 87102
505-340-3134
jwood@jameswoodlaw.com
boreilly@jameswoodlaw.com
rosborne@jameswoodlaw.com
*Attorneys for Plaintiff*

/s/ John S. Stiff_____
John S. Stiff, Esq.
Stiff, Keith & Garcia, LLC
400 Gold Avenue, SW, Suite 1300
Albuquerque, New Mexico 87102
505-243-5755
jstiff@stifflaw.com
*Attorney for Defendant Janie S. Conner*

Dated: 1/13/2015

_____
UNITED STATES DISTRICT JUDGE