UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHLEEN C. PEREA,

        Plaintiff,

   vs.                                            CIV 13-0697 KG/LAM

JANIE S. CONNER, *et al.*,

        Defendants.

**BY THE DIRECTION OF THE HONORABLE KENNETH J. GONZALES:**

## AMENDED NOTICE OF CIVIL JURY TRIAL

    **IT IS ORDERED** that the above entitled action is hereby set for a **JURY SELECTION/TRIAL** on a <u>definite setting</u> beginning **APRIL 13, 2015 at 9:00 AM** before the Honorable Kenneth J. Gonzales.  Trial and all pretrial conference/hearings will be held at the U.S. District Courthouse, Rio Grande Courtroom – 3rd Floor, 333 Lomas Blvd. NW, Albuquerque, New Mexico, unless otherwise noted.  Pretrial dates and deadlines are set forth in the table below.

| Event | Date/Deadline |
|---|---|
| **JURY SELECTION/TRIAL** | April 13, 2015 (5 days) at 9:00 AM in ABQ |
| Jury Instructions | March 24, 2015 |
| Motions in Limine | March 24, 2015 |
| Responses to Motions in Limine | April 3, 2015 |
| Proposed Pretrial Order | Doc. 310, filed January 13, 2015 |
| *Daubert* Hrg./Pretrial Conference | April 6-7, 2015 at 9:00 AM in ABQ |

Inquiries regarding this setting should be directed to Theresa A. Hall, Judicial Assistant to the Honorable Kenneth J. Gonzales at **(575) 528-1641**.  *See* Judge Gonzales' pretrial instructions for civil cases attached hereto.  Other useful information may be obtained by visiting the Honorable Kenneth J. Gonzales' Chambers Page at **www.nmcourt.fed.us.**

                                                           _____
                                                           MATTHEW J. DYKMAN, Clerk

**PRETRIAL INSTRUCTIONS FOR CIVIL CASES
BEFORE THE HONORABLE KENNETH J. GONZALES
UNITED STATES DISTRICT JUDGE**

---

**TRIAL PREPARATION IN CIVIL CASES** – *The following procedures shall be followed unless otherwise determined by the Court.*

**I.   PRETRIAL CONFERENCES**

1. **An Initial Pretrial Conference** will be set approximately two months prior to trial. At this pretrial conference, counsel shall be prepared to discuss the substance of all pending motions. This means the Judge may ask you questions about the merits of pending motions. Parties should inform Judge Gonzales of any motions in limine that they plan to file. Counsel shall also be prepared to address any unresolved issues prior to the commencement of the trial.

2. **Call of the Calendar** will be set approximately one month prior to trial.

3. **A Final Pretrial Conference** will be set approximately two weeks prior to trial. Prior to this pretrial conference, the parties should exchange exhibit lists. During this pretrial conference, the parties shall inform Judge Gonzales if there are going to be objections to exhibits so the Judge can rule on objections prior to trial. Please bring draft copies of the Pretrial Order. The Judge will go over the witnesses identified in the Pretrial Order and provide the various deadlines necessary to complete and file the Pretrial Order. Parties should contact Theresa A. Hall, judicial assistant, in writing if discovery deadlines are extended beyond the final pretrial conference date in order to allow her to vacate the final pretrial conference and reset it for a later date. Theresa A. Hall's phone number is 575-528-1640.

**II.   PRETRIAL DEADLINES**

1. Throughout these pretrial instructions, the term "trial" refers to the date set in the written notice for commencement of the trailing docket.

2. **Counsel must seek leave of the Court in the form of a written motion to extend any pretrial deadline.**

3. Where a submission deadline falls on a Saturday, Sunday or a holiday, the deadline becomes the next business day.

| Event | Deadline | Comment |
|---|---|---|
| **Exhibit List** | Twenty (20) days before trial | Counsel for each party shall file with the Clerk and provide to opposing counsel, a proposed exhibit list.  A list of stipulated exhibits shall also be filed at this time. |
|  | Ten (10) days before trial | Counsel for each party shall file with the Clerk a complete list of all objections to the exhibits offered, specifying the Rule of Evidence or other legal authority upon which an objection is based. |
| **Witness List** | Twenty (20) days before trial | Counsel shall furnish a complete list of witnesses in the order to be called to opposing counsel and file a list with the Clerk in conformance with the Pretrial Order. |
| **Deposition Testimony Designations** | Ten (10) days before trial | Deposition testimony designations shall be filed with the Clerk ten (10) days before trial. |
| **Objections to Deposition Testimony Designations** | Five (5) days before trial | Objections to use of deposition testimony shall be filed with the Clerk five (5) days before trial.  The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing. |
| **Motions in Limine** | Twenty (20) days before trial | Responses are due ten (10) days before trial.  Replies to motions in limine will not be entertained unless specifically requested and allowed. |
| ***Daubert* Motions** | Twenty (20) days before trial | Parties shall provide advance notice of intent to introduce or challenge expert testimony so that the Court has sufficient time before the trial to schedule a *Daubert* hearing, if necessary. |
| **Jury Instructions** | Twenty (20) days before trial | Please refer to detailed requirements for jury instructions set out herein. |
| **Joint Statement of the Case** | Twenty (20) days before trial | The parties shall submit a brief joint statement of the case to be submitted together with the jury instructions. |

| Voir Dire Questions | Seven (7) days before trial | Any party wishing to participate in voir dire must file proposed voir dire questions with the Clerk. |
|---|---|---|
| **Bench Trials: Proposed Findings of Fact and Conclusions of Law** | Ten (10) days before trial | Parties are to file with the Clerk proposed Findings of Fact and Conclusions of Law, with references to exhibits and proposed testimony. |
| **Bench Trials: Trial Briefs** | Seven (7) days before trial | Trial briefs outlining the basic legal theories, anticipated evidence in support of such theories, and the legal basis of any anticipated evidentiary disputes must be filed with Clerk. |

### III. EXHIBITS

1. **IN ORDER TO MAINTAIN EFFICIENCY AND ORGANIZATION OF THE COURT'S RECORD OF THE PARTIES' NUMEROUS EXHIBITS DURING TRIAL, PARTIES SHALL FILE THEIR FINAL EXHIBIT LISTS WITH THE COURT PRIOR TO TRIAL.** Charts, plats, diagrams, etc., will be marked and ready as to measurements, landmarks, and other identifying factual material before trial. Counsel is strongly encouraged to stipulate to exhibits wherever possible, particularly regarding their authenticity.

2. Exhibits shall be marked and identified (Plaintiff's on *yellow* labels by *numbers* and Defendant's on *blue* labels by *letters*, e.g., A,B,C, . . . AA, AB, AC). Use of exhibit notebooks (Plaintiff's and Defendant's) is encouraged for those exhibits to which neither party has objections.

### IV. WITNESSES

1. Clients and witnesses are expected to be on time, and counsel should always have witnesses available to fill a full trial day (*i.e.*, 9:00 a.m. - 5:00 p.m.).

2. All expert reports must have been exchanged in advance of trial in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Cumulative expert testimony will not be permitted.

### V. DEPOSITION TESTIMONY

1. Consistent with the Federal Rules of Civil Procedure, deposition testimony may be introduced into evidence.

2. If a deposition is used in part, counsel shall mark the parts to be used for opposing counsel. The court copy shall also be marked. Plaintiff will use *yellow* marker and Defendant *blue* marker. This does not apply to cross-examination or rebuttal.

### VI. GUIDELINES FOR TRIAL

1. Trials will begin at 9:00 a.m.   Counsel shall be in the courtroom no later than 8:30 a.m. and be prepared to discuss any matter that should be addressed outside the presence of the jury.   Be on time for each court session. **Counsel shall follow the time as displayed on the clock inside the courtroom.**   Trial engagements take precedence over any other business. If you have matters in other courts, make other arrangements in advance for the handling of such matters.

2. A multi-day jury trial will recess at about 5:00 p.m.   The Court generally will recess each morning and afternoon for a 15-minute comfort break and a 60-minute lunch break for attorneys (75-minutes for the jury).

3. Stand when you speak.   Do not refer to any party or attorney by their first name.   Always use surnames.   Always address the Court only; do not address or argue with opposing counsel in the presence of the jury.   If counsel must confer with one another, please request permission of the Court for a moment to do so privately and quietly.

4. In opening statements, present a concise summary of the facts. Do not argue the facts nor discuss law. Do not describe in detail what particular witnesses will say. The time for opening statements will be limited to the amount of time determined by the Court.   Counsel will be responsible for monitoring their own time limit, but the Court may remind counsel if s/he exceeds limit.

5. When you object in the presence of the jury, make it short and to the point. Do not argue its merits in the presence of the jury. Do not argue the ruling in the presence of the jury.

6. Remain behind the podium when addressing the Court or speaking to the jury.

7. In final argument, you may paraphrase an instruction but do not quote extensively from any instruction.

8. Parties should notify the Court at least **two** weeks in advance of trial if they require audio-visual or other special equipment. If parties are unfamiliar with the operation of courtroom technology, they shall make arrangements with my judicial assistant, Theresa Hall at (575)528-1640, to schedule a time to test and run the equipment. Parties are responsible for operating any of this equipment.   *Please bring in actual DVD(s) and/or other electronic or technical exhibits to be used in the trial to assure their compatibility with the Court's equipment*.

VII.  **PREPARATION OF JURY INSTRUCTIONS**

*Prepare your proposed jury instructions in accordance with these directions. File the proposed jury instructions with citations with the Clerk's office in accordance with D.N.M. LR-Cv 5.1 at least* **TWENTY (20) DAYS** *before trial is scheduled. Refer to the Court's external website in order access Judge Gonzales's trial preparation materials:* www.nmcourt.fed.us.

1. Parties shall meet and confer in advance of the deadline to agree on as many instructions as possible. **PARTIES SHALL SUBMIT A SET OF MUTUALLY ACCEPTABLE JURY INSTRUCTIONS ON THE SUBSTANTIVE CLAIMS, OR BE PREPARED TO SUBMIT A LEGAL BASIS FOR THEIR OBJECTIONS TO EACH INSTRUCTION ON WHICH THEY DO NOT AGREE.**

2. Parties shall file **written objections** to an opposing parties' submitted instructions. These objections are due **THREE (3)** working days after jury instructions are due.

3. The **Joint Statement of the Case** should be submitted at the same time the jury instructions are submitted, but should be filed separately.

4. **IN ADDITION TO ELECTRONICALLY FILING THEIR SUBMISSIONS REGARDING JURY INSTRUCTIONS**, Plaintiff and Defendant shall submit to the Court through the email address (kjgproposedtext@nmcourt.fed.us) on the chambers web page for proposed orders, the following: (1) the set of mutually acceptable jury instructions; (2) disputed jury instructions; (3) proposed special verdict forms; and (4) joint statement of the case.

5. The requested instructions and Joint Statement of the Case must be submitted in Word or Rich Text format.

6. Jury instructions without citations are no longer needed.

7. Directions regarding submission of STOCK instructions: Parties should not submit stock instructions. Instead, parties should refer to the Court's approved set of stock instructions, available on the chambers web page under "Stock Civil Jury Instructions." Parties should include a separate page with a list of requested stock instructions as each is described at the bottom of the web site instructions.  The parties should refer to Tenth Circuit pattern civil instructions for substantive instructions.

8. Carefully proofread each instruction for errors in spelling, grammar, punctuation, and citations, and for unintended deviations from pattern instructions used as sources.

9. Submit a cover sheet on all sets of instructions.

10. Submit no more than one instruction per page. (*See* Fig. 1 below).

> (PLTF'S) OR (DEFT'S) OR (JOINT)
> INSTRUCTION NO. 1
>
> Members of the Jury,
>
> You have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.
>
> It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.
>
> Citation . . .

**Fig.1 with Citation**