IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHLEEN C. PEREA,

    Plaintiff,

vs.                                                                       No. CIV-13-00697 KG/LAM

JANIE S. CONNER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Strike Defendant Conner's Motion (Docs. 135 and 136), and to Strike Affidavits Attached as Exhibits to Defendant Conner's Motion (Docs. 135 and 136), and to Award Sanctions for Defendant's Violation of the Court's Scheduling Order (Motion to Strike), filed August 25, 2014.  (Doc. 204). On September 9, 2014, Defendant Conner responded and Plaintiff replied on September 23, 2014.  (Docs. 264 and 271).  Having considered Plaintiff's Motion to Strike, the corresponding briefs, and the applicable law, the Court hereby denies Plaintiff's Motion to Strike.

A.  *Background*

This diversity jurisdiction personal injury lawsuit arises out of a motor vehicle accident that occurred in Santa Fe, New Mexico, on March 14, 2010.  Plaintiff alleges that as a result of the motor vehicle accident she suffers from Post-Traumatic Stress Disorder, mild Traumatic Brain Injury, and pervasive white matter changes increasing her risk for Alzheimer's Disease. Plaintiff further maintains that due to her physical and mental injuries Defendant Conner is liable for compensatory damages including lost wages and/or lost-earning capacity.  In support of her

damages claim, Plaintiff timely disclosed Anthony M. Gamboa, Ph.D. (Dr. Gamboa), a Vocational Economist, on January 28, 2014.

Pursuant to the Court's amended scheduling order, Plaintiff was required to designate and disclose expert witnesses by January 29, 2014. (Docs. 37 and 110). Defendants' expert disclosures were due on or before April 7, 2014. (Docs. 48 and 110). Discovery motions were due April 14, 2014. (Doc. 110). Discovery closed on May 7, 2014. *Id.*

On June 30, 2014, Defendant Conner filed a Motion to Exclude the Testimony of Plaintiff's Proffered Expert, Anthony M. Gamboa, Ph.D. (Motion to Exclude). (Doc. 135). In the Motion to Exclude, Defendant Conner argues Dr. Gamboa's testimony is inadmissible pursuant to Fed. R. Evid. 702 because Dr. Gamboa lacks the requisite knowledge, skill, experience, training, or education to qualify as a Vocational Economist. (Doc. 136) at 6. Moreover, Defendant claims Dr. Gamboa's methodology lacks evidentiary reliability and, therefore, is excludable under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). *Id.* at 5. As to Defendant's latter argument, Defendant submitted the affidavits of Vocational Economists, Gary R. Skoog, Ph.D. (Dr. Skoog) and Thomas R. Ireland, Ph.D. (Dr. Ireland), whom attest that Dr. Gamboa's methodology is scientifically invalid. (Doc. 136) at 4, 9-10.

B. *Discussion*

Plaintiff now moves to strike the testimony of Dr. Skoog and Dr. Ireland under Fed. R. Civ. P. 26(a)(1)(A)(i) and 26(a)(2)(A), claiming that Defendant failed to timely disclose both Dr. Skoog and Dr. Ireland in the initial disclosures and expert disclosures. Plaintiff further argues that Dr. Skoog's and Dr. Ireland's affidavits are inadmissible hearsay. Defendant Conner's reply fails to address Plaintiff's Rule 26(A)(1)(A)(i) argument. Instead, Defendant Conner counters that the plain language of Rule 26 only mandates that a party disclose an expert witness if the

party intends to call the witness at trial; and she does not intend to call Dr. Skoog or Dr. Ireland at trial.  Lastly, Defendant Conner argues that Plaintiff's complaint that Dr. Skoog's and Dr. Ireland's affidavits are inadmissible hearsay is without merit.

> 1. *Whether Defendant Conner was required to disclose Dr. Skoog and Dr. Ireland pursuant to Rule 26(a)(1)(A)(i)*

Fed. R. Civ. P. 26(a)(1)(A)(i) specifically mandates the disclosure of the names of all individuals and information that the "party may use to support its claims or defenses."

In the instant matter, there is no evidence before the Court that Defendant Conner is intending to use Dr. Skoog or Dr. Ireland to support any claim or defense.  Defendant Conner's Motion to Exclude and response brief to Plaintiff's Motion to Strike unequivocally states the purpose of Dr. Skoog's and Dr. Ireland's affidavits is to assist the Court in determining whether a *Daubert* hearing is necessary.  Indeed, after review of their affidavits, the Court set a *Daubert* hearing to decide whether Dr. Gamboa's methodology is reliable and, thus, admissible under Fed. R. Evid. 701, 702, 703, and *Daubert*.  Therefore, in view of the facts and circumstances in this case, the Court finds Defendant Conner was not required to disclose Dr. Skoog or Dr. Ireland under Rule 26(a)(1)(A)(i).

> 2. *Whether Fed. R. Civ. P. 26(a)(2)(A) requires disclosure of an expert specifically called for a Daubert hearing*

Rule 26(a)(2)(A) states, in relevant part, "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness *it may use at trial* to present evidence under Federal Rule of Evidence 702, 703, or 705."  (emphasis added).

Here, Defendant Conner maintains that Rule 26(a)(2)(A) is inapplicable because the plain language of the rule proscribes disclosure of expert witnesses only if the expert might be called at trial.  As discussed above, Defendant Conner claims she will not call Dr. Skoog or Dr. Ireland

at the April 13, 2015, trial.  Defendant Conner cites *Arble v. State Farm Mut. Ins. Co.*, 272 F.R.D. 604 (D.N.M. 2011), in support of her proposition.

*Arble* is helpful here.  In *Arble*, the plaintiff filed a motion *in limine* to exclude the testimony of defendant's purported expert.  *Id.* at 605.  In the motion *in limine*, the plaintiff untimely disclosed an expert whose testimony was offered solely for a *Daubert* hearing to challenge the defendant's purported expert's methodology.  *Id.*  The plaintiff argued that she was not required to disclose the expert under Rule 26(a) because the plain meaning of the rule mandated disclosure of expert witnesses a party "may use *at trial*," not at a hearing.  *Id.*  The Court agreed and, consequently, found the plain meaning of Rule 26(a)(2) required disclosure only if the party intended to use the expert testimony at trial.  *Id.* at 605-06.  The Court, nonetheless, noted that the Rule 26 "loophole" greatly disadvantaged the defendant as the defendant did not have adequate time to prepare for a *Daubert* challenge expert.  *Id.* at 606.  Moreover, the defendant had no available recourse because the discovery deadline had expired.  *Id.*  As a result, the Court reopened discovery for the limited purpose of allowing the defendant reasonable time to depose the plaintiff's *Daubert* challenge expert.  *Id.*

Comparatively, Defendant Conner submitted Dr. Skoog's and Dr. Ireland's affidavits for the limited purpose as *Daubert* challenge experts regarding Dr. Gamboa's methodology.  The Court finds Defendant Conner's argument has merit in that Rule 26(a)(2)(A) does not apply to either Dr. Skoog or Dr. Ireland if Defendant Conner uses their testimony for the aforementioned limited purpose.  *See, e.g.*, *Arble*, 272 F.R.D. 604.

Nevertheless, just as in *Arble*, such an outcome gives the Court pause.  The overarching spirit and purpose of the Federal Rules of Civil Procedure require that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and

proceeding." Fed. R. Civ. P. 1.  This interpretation and application of the Rule 26(a)(2)(A) loophole, however, contravenes this spirit.  At this stage of litigation, discovery is closed and the *Daubert* hearing is set for April 7, 2015, therefore, precluding reasonable time for Plaintiff to depose either witness.  As a result, Plaintiff cannot adequately prepare a defense for the *Daubert* hearing.

Any resulting unfair prejudice or surprise, however, may be cured by permitting Plaintiff considerable leeway at the *Daubert* hearing to consult with Dr. Gamboa regarding any arguments presented by Defendant Conner's experts.  *See In Re Paolie R.R. Yard PCB Litigation*, 35 F.3d 717, 739 (3d Cir. 1994) (finding opposing party granted "extensive leeway" to consult with their experts during *Daubert* hearing and, thus, district court did not abuse its discretion in allowing undisclosed defense experts' testimony at *Daubert* hearing).  The record demonstrates that Dr. Gamboa is quite knowledgeable of Dr. Skoog's and Dr. Ireland's opinions and methodology.  At his deposition, Dr. Gamboa testified that he knew of Dr. Ireland's methods, he read an article Dr. Ireland published challenging Dr. Gamboa's methodology, and, in fact, Dr. Ireland and Dr. Gamboa debated each other on a couple of occasions.  (Doc. 264-1) at 1-2 (depo. at 45-48). Notably, Dr. Ireland and Dr. Gamboa both offered testimony at a *Daubert* hearing in a different case.  *Id.* at 4 (depo. at 65).  In regard to Dr. Skoog, Dr. Gamboa specifically identified Dr. Skoog as one of his published critics.  *Id.* at 3 (depo. at 60-61).  Moreover, Plaintiff has had Dr. Skoog's and Dr. Ireland's affidavits since June 30, 2014, providing Plaintiff a significant opportunity to review their critiques and prepare for their testimony.  *See In Re Paolie R.R. Yard PCB Litigation*, 35 F.3d at 739 (noting plaintiff received undisclosed experts' affidavits four weeks prior to *Daubert* hearing providing sufficient time to prepare).  Given that the Rule 26(a)(2)(A) loophole is inconsistent with the "liberal thrust" of the Federal Rules, *see Daubert*,

5

509 U.S. at 588, the Court finds the abovementioned remedy cures any unfair prejudice or surprise to Plaintiff.  Accordingly, Dr. Gamboa may assist Plaintiff's Counsel with cross-examination at the April 7, 2015, *Daubert* hearing if Defendant Conner calls either Dr. Skoog or Dr. Ireland to opine on the unreliability of Dr. Gamboa's methodology.

The Court further finds that Dr. Ireland's and Dr. Skoog's testimony for purposes of the *Daubert* hearing is limited to the subject matter of their June 23, 2014, and June 30, 2014, affidavits respectively.  *See* (Docs. 136-4 and 136-5); *see also Arble*, 272 F.R.D. at 606 (undisclosed *Daubert* challenge expert's testimony limited to affidavit's subject matter). Additionally, absent a motion for leave and a showing that the untimely disclosure "was substantially justified or is harmless," Dr. Skoog and Dr. Ireland will be excluded from testifying at trial.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless.").

   *3.   Whether Dr. Skoog's and Dr. Ireland's affidavits are inadmissible hearsay*

Finally, the Court finds Plaintiff's argument that Dr. Skoog's and Dr. Ireland's affidavits are inadmissible hearsay is without merit.  There is no evidence in the record that Defendant Conner submitted the affidavits as evidence for trial.  As addressed earlier, the affidavits were filed with the limited purpose for assisting the Court in determining whether a *Daubert* hearing was necessary to determine the reliability and, therefore, the admissibility of Dr. Gamboa's methodology.

   IT IS, THEREFORE, ORDERED that:

  1.  Plaintiff's Motion to Strike Defendant Conner's Motion (Docs. 135 and 136), and to Strike Affidavits Attached as Exhibits to Defendant Conner's Motion (Docs. 135 and 136), and

to Award Sanctions for Defendant's Violation of the Court's Scheduling Order (Doc. 204) is denied;

      2. Dr. Skoog's and Dr. Ireland's testimony shall not be admissible for any purpose other than the April 7, 2015, *Daubert* hearing, absent a motion for leave and a showing that the untimely disclosure was substantially justified or is harmless;

      3. during the April 7, 2015, *Daubert* hearing, Plaintiff's Counsel may consult with Dr. Gamboa during cross-examination of Dr. Ireland and Dr. Skoog; and

      4. Dr. Ireland's and Dr. Skoog's *Daubert* testimony is limited to the subject matter of their affidavits that were attached as exhibits in (Doc. 136-5) and (Doc. 136-5) respectively.

                                                              _____
                                                               UNITED STATES DISTRICT JUDGE