IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHLEEN C. PEREA,

    Plaintiff,

vs.                                                     No. CIV-13-00697 KG/LAM

JANIE S. CONNER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.

ORDER REGARDING PENDING PRE-TRIAL MOTIONS

    THIS MATTER comes before the Court upon various motions, including Plaintiff's and Defendant Conner's Motions in *Limine* (Docs. 328–29, 331, 344–53, 355–57, 359, 362–64, 367, 371, 373–76, 378–80, 406, and 409), Plaintiff's Motion to Extend *Voir Dire* (Doc. 330), Plaintiff's Opposed Motion to Modify the Pretrial Order to Add a Claim for Punitive Damages (Doc. 377), and other pretrial matters. The parties filed responses and replies to the pending motions. *See* (Docs. 340–43, 389, 395–405, 407, 411, 413, 415–16, and 419–22). On April 6–8, 2015, the Court held a Pretrial Conference and hearing. Present at the hearing were James Wood and Thomas Wood, counsel for Plaintiff, and John Stiff and Ann Keith, counsel for Defendant. For the reasons on the record at the April 6–8, 2015, Pretrial Conference and hearing, the Court hereby rules as follows:

    1. the Court denies Plaintiff's Opposed Motion *in Limine* to Admit CDC Materials (Doc. 328), filed March 5, 2015. The CDC Materials may be read to the jury if the party offering the materials satisfies Fed. R. Evid. 803(18). Specifically, on direct examination an expert witness testifies that he relied upon the statement in the CDC Materials or the statement is called to the attention of an expert witness on cross-examination;

2.  the Court grants, in part, and holds in abeyance, in part, Plaintiff's Opposed Motion *in Limine* to Exclude Irrelevant Evidence of John Perea's Contact with "Jane Doe" (Doc. 329), filed March 5, 2015.  Defendant may inquire in direct or cross-examination Plaintiff's knowledge of contact between John Perea and "Jane Doe" via text.  Further, Defendant may elicit testimony from Dr. Steve Martinez regarding Plaintiff's knowledge of John Perea's contact with "Jane Doe."  Defendant may also conduct *voir dire* examination of Plaintiff to determine the extent of Plaintiff's knowledge of John Perea's contact with "Jane Doe;"

3.  the Court denies Plaintiff's Opposed Motion to Extend *Voir Dire* to Three Hours per Side (Doc. 330), filed March 5, 2015;

4.  the Court grants Plaintiff's Opposed Motion *in Limine* to Exclude Plaintiff's Verizon Phone Records (Doc. 331), filed March 5, 2015;

5.  the Court denies, in part, and holds in abeyance, in part, Plaintiff's Opposed Motion *in Limine* to Admit Uniform Crash Report and Janie Conner's Statement Therein (Doc. 344), filed March 23, 2015.  The Federal Rules of Evidence, generally, govern the admissibility of evidence in a diversity lawsuit.  *Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 877 (10th Cir. 2006).  State law applies, however, when "the state law reflects substantive concerns or policies."  *Id.* at 880.  Pursuant to NMSA 1978, § 66-7-213(B), an accident report is inadmissible in any trial, civil or criminal.  Although New Mexico state courts have not addressed the statute's substantive concerns or policies, common and legal sense would surmise that admitting a uniform crash report replete with conclusions and causation would transform the investigating officer from a witness to the trier-of-fact; and accordingly usurp the jury's responsibility to interpret the facts.  The Court, thus, finds that Section 66-7-213(B) reflects substantive concerns with respect to the

weight a jury may afford a crash report.  Based on this finding, state law applies and the uniform crash report is excluded pursuant to Section 66-7-213(B).

Assuming *arguendo*, that the Federal Rules of Evidence apply, the uniform crash report is excluded as inadmissible double hearsay.  In a civil case, an investigatory report may be admissible as a public record if it satisfies Fed. R. Evid. 803(8) by demonstrating that the report is based on a factual investigation and the report is trustworthy.  *See* Fed. R. Evid. 803(8); *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162 (1988).  In this matter, the Court is hesitant to conclude that the uniform crash report is trustworthy.  Officer Brian Waller, at his deposition, testified that he did not conduct some of the interviews contained within his crash report and, therefore, cannot testify as to whether the statements within the report accurately reflect what the individual said to the officer.  Furthermore, even if the report is admissible under Fed. R. Evid. 803(8), the report contains numerous inadmissible hearsay statements.

The Court, however, will hold in abeyance its determination of whether Defendant Conner's hearsay statement within the report is admissible;

6. the Court denies as moot Plaintiff's Opposed Motion *in Limine* to Exclude Experts' Income Except Their Compensation in This Lawsuit (Doc. 345), filed March 23, 2015, pursuant to the parties' stipulation.  *See* (Doc. 414).  Counsels' questioning as to the experts' income is limited to (1) compensation paid in this case, (2) prior employment by a party in this matter, and (3) that Plaintiff's experts do mostly plaintiffs' work;

7. the Court denies as moot Plaintiff's Opposed Motion *in Limine* to Exclude John Perea's Income and the Combined Income of John and Kathleen Perea (Doc. 346), filed March 23, 2015, pursuant to the parties' stipulation.  *See* (Doc. 414);

8.  the Court denies as moot Plaintiff's Unopposed Motion *in Limine* to Exclude Evidence Regarding Insurance Payments to Kathleen Perea (Doc. 347), filed March 23, 2015, pursuant to the parties' stipulation.  *See* (Doc. 414);

9.  the Court denies Plaintiff's Opposed Motion *in Limine* to Exclude Evidence of Laura Lampton's Opinions and the Prior Report and Opinions of Dr. Gamboa on Medical Expenses (Doc. 348), filed March 23, 2015;

10.  the Court grants Plaintiff's Unopposed Motion *in Limine* to Exclude Evidence that John Perea was a Plaintiff in This Suit but Dismissed His Claims (Doc. 349), filed March 23, 2015;

11.  the Court denies as moot Plaintiff's Unopposed Motion *in Limine* to Exclude Evidence of Texting and/or Talking Without a Hands-Free Device While Driving Other than at the Time of the Car Crash (Doc. 350), filed March 23, 2015, per the parties' stipulation.  *See* (Doc. 414);

12.  the Court denies as moot Plaintiff's Unopposed Motion *in Limine* to Exclude Evidence that Janie Conner's Ticket for Running the Red Light was Dismissed (Doc. 351), filed March 23, 2015, per the parties' stipulation.  *See* (Doc. 414);

13.  the Court denies as moot Plaintiff's Opposed Motion *in Limine* to Exclude Testimony of Rick Devine and Any Other Witness that Driving with a Hands-Free Cell Phone Device Creates a Risk of Distraction (Doc. 352), filed March 23, 2015, per the parties' stipulation.  *See* (Doc. 414);

14.  the Court denies as moot Plaintiff's Opposed Motion *in Limine* to Strike Dr. Mark Berger (Doc. 353), filed March 23, 2015, as Defendant no longer intends to call Dr. Mark Berger;

15. the Court holds in abeyance Defendant Conner's Opposed Motion *in Limine* Regarding Evidence of Claimed Diagnosis of Chronic Pain or Other Medical Conditions (Doc. 355), filed March 24, 2015;

16.  the Court grants Defendant Conner's Opposed Motion *in Limine* Regarding Hearsay Statements of Doctors of Other Non-Testifying Providers (Doc. 356), filed March 24, 2015;

17.  the Court denies as moot Defendant Conner's Opposed Motion *in Limine* Regarding Cumulative Testimony of Dr. Steve Martinez (Doc. 357), filed March 24, 2015, per the Court's *Daubert* Order.  *See* (Doc. 426);

18.  the Court grants Defendant Conner's Opposed Motion *in Limine* to Exclude Evidence of Dementia (Doc. 359), filed March 24, 2015;

19.  the Court grants Defendant Conner's Unopposed Motion *in Limine* to Exclude Evidence of Insurance (Doc. 362), filed March 24, 2015;

20.  the Court grants Defendant Conner's Opposed Motion *in Limine* to Exclude Police Report as Evidence (Doc. 363), filed March 24, 2015;

21. the Court denies as moot Defendant Conner's Opposed Motion *in Limine* to Exclude Citation as Evidence (Doc. 364), filed March 24, 2015, per the parties' stipulation.  *See* (Doc. 414);

22.  the Court denies Defendant Conner's Opposed Motion *in Limine* that Richard Perrillo, Ph.D. be Precluded from Testifying as to Legal Causation of Plaintiff's Alleged Mild Traumatic Brain Injury (Doc. 367), filed March 24, 2015;

23.  the Court grants, in part, and denies, in part, Defendant Conner's Opposed Motion in Limine to Exclude Testimony of Steve Martinez, Ph.D. Concerning the Cost or Necessity of "NeuroXercise" or Other Future Care for Plaintiff (Doc. 371), filed March 24, 2015.  Dr. Steve

Martinez (Dr. Martinez) may testify as to the cost of NeuroXercise.  Dr. Martinez may not testify to the necessity of NeuroXercise or any opinions and/or conclusions on NeuroXercise that are based on Dr. Richard J. Perrillo's reports and/or recommendations;

24.  the Court denies as moot Defendant Conner's Opposed Motion *in Limine* Regarding Past & Future Medical Expenses (Doc. 373), filed March 24, 2015, per the parties' stipulation that Plaintiff will not submit evidence of past or future medical expenses, except for past and future psychological expenses.  *See* (Doc. 414);

25.  the Court denies as moot Plaintiff's Opposed Motion *in Limine* to Exclude Comparative Negligence (Doc. 374), filed March 24, 2015, per Plaintiff's oral motion to withdraw this motion;

26.  the Court grants Plaintiff's Motion *in Limine* to Exclude Evidence Relating to Richard J. Perrillo Ph.D.'s Involvement as a Party in Past Civil Lawsuits, the Grounds for those Lawsuits, or Alleged Threats to File Lawsuits (Doc. 375), filed March 24, 2015;

27.  the Court denies as moot Plaintiff's Motion *in Limine* to Exclude Bad Acts Evidence Relating to John Perea's Involvement in Past Discrimination Claim, Arrest for Failure to Pay a Fine or Fees, Deferred Sentence in Drug-Related Matter, and Termination by Former Employer (Doc. 376), filed March 24, 2015, per the parties' stipulation.  *See* (Doc. 414);

28.  the Court denies Plaintiff's Opposed Motion to Modify the Pretrial Order to Add a Claim for Punitive Damages (Doc. 377), filed March 24, 2015;

29.  the Court grants Plaintiff's Unopposed Motion *in Limine* to Exclude Evidence of John Perea's Previous Workers' Compensation Claim as Irrelevant (Doc. 378), filed March 24, 2015.  The Court will reconsider this motion in the event the door is opened as to this evidence;

30. the Court denies Defendant Conner's Opposed Motion *in Limine* to Exclude "Reptile" Litigation Tactics (Doc. 379), filed March 24, 2015;

31. the Court grants Defendant Conner's Opposed Motion *in Limine* to Exclude Claim of Punitive Damages (Doc. 380), filed March 24, 2015;

32. the Court grants, in part, and denies, in part, Defendant Conner's Motion to Strike Untimely Designated Witnesses on Plaintiff's Witness List (Doc. 406), filed April 3, 2015. The Court will strike Carol Bruno and an unnamed corporate representative of State Farm Mutual Automobile Insurance Company. Defendant may call Toni Chavez and Michael Lee, if the testimony is not cumulative; and

33. the Court grants Defendant's Notice of Objections and Motion to Quash Subpoenas Served Upon Carol Bruno and Representatives of State Farm Insurance Co. (Doc. 409), filed April 3, 2015.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE