IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHLEEN C. PEREA,

    Plaintiff,

vs.                                               No. CIV-13-00697 KG/LAM

JANIE S. CONNER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Janie Conner's Motion to Amend Cost Bill (Cost Bill), filed June 10, 2015. (Doc. 471). On June 15, 2015, Plaintiff responded and Defendant Conner replied on July 2, 2015. (Docs. 474 and 476). Having considered Defendant Conner's Cost Bill, the supporting affidavit, the cost bill invoice, and the accompanying briefs, the Court hereby grants, in part, Defendant Conner's Cost Bill in the amount of $24,070.84.

This diversity jurisdiction personal injury lawsuit arises out of a motor vehicle accident that occurred in Santa Fe, New Mexico, on March 14, 2010. Trial on the merits before a jury commenced on April 13, 2015; and on April 21, 2015, the jury rendered its verdict for Defendant Conner. The Special Verdict Form in favor of Defendant Conner was entered on April 21, 2015. (Doc. 456).

Defendant Conner now moves for judgment on the Cost Bill pursuant to Fed. R. Civ. P. 54(d)(1) and D.N.M. LR-Civ. 54.1. Defendant Conner contends that she is entitled to $24,092.21 in costs.[1] (Doc. 471-1). Plaintiff, in response, stipulates that $24,070.84 in costs sought by Defendant

---

[1] Defendant's itemized cost bill is as follows: $2,158.37 for transcripts, $15,352.59 for deposition costs, $1,088.88 for witness costs, $5,440.25 for costs associated with the *Daubert* hearing, and $52.12 for copies and materials. (Doc. 471-1).

Conner is reasonable and permitted under Fed. R. Civ. P. 54(d). (Doc. 474) at 1; (Doc. 460). Plaintiff, however, asserts that the $21.37 cost for "Copy of Bailey Motion, April 20, 2015," is duplicative. (Doc. 474) at 1.

Federal Rules of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bd. of Elec. Workers*, *AFL–CIO, Local 21*, 69 F.3d 456, 459 (10th Cir. 1995). A district court "must provide a valid reason for not awarding costs to a prevailing party." *Id.*

In this case, Defendant Conner is the prevailing party and, thus, is entitled to costs pursuant to Rule 54(d)(1) and D.N.M. LR-Civ. 54.2. The Court, nonetheless, finds that Defendant Conner's cost for the transcript labeled "Copy of Bailey Motion, April 20, 2015," is included twice in the Cost Bill. *See* (Doc. 471-1) at 2. As such, the second charge of $21.37 for the transcript labeled "Copy of Bailey Motion, April 20, 2015," is not an appropriate cost. Having reviewed the supporting affidavit and the cost bill, the Court finds that Defendant Conner is entitled to $24,070.84 in costs.

IT IS ORDERED that

1. Defendant Janie Conner's Motion to Amend Cost Bill (Doc. 471) is granted, in part, and denied, in part; and

2. Defendant Janie Conner is awarded $24,070.84 in costs.

_____
UNITED STATES DISTRICT JUDGE